Dale Robert CALCARONE, Appellant,

v.

STATE of Texas, Appellee.

No. B14–83–839CR.

Court of Appeals of Texas, Houston (14th Dist.).

July 5, 1984.

Dale Robert Calcarone, Mike Coulson, of Houston, for appellant.

Calvin Hartmann, Houston, for appellee.

Before PAUL PRESSLER, ROBERT-SON and ELLIS, JJ.

## OPINION

PAUL PRESSLER, Justice.

Appellant was convicted by a jury of driving a motor vehicle on a public highway while intoxicated and sentenced to 270 days confinement in the Harris County Jail and a $500.00 fine. On September 1, 1983, appellant was stopped for making an illegal left turn. After failing the requested field sobriety test, he was arrested for driving while intoxicated. On November 14, he entered a plea of not guilty.

Although appellant presents two grounds of error, we will consider only the second point as it is determinative of this appeal. In it appellant asserts that the trial court erred in not making him aware of the dangers and disadvantages of self-representation and, therefore, he could not have validly waived his right to counsel. We agree and reverse.

■ It is well settled that the Sixth Amendment right of an accused to effective assistance of counsel in a criminal proceeding extends to the states through the Fourteenth Amendment. *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). It is also well settled that the right to counsel may be waived and that an accused may represent himself. *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); *Campbell v. State,* 606 S.W.2d 862 (Tex.Crim.App.1980). However, in order to waive his right to counsel validly, an accused must voluntarily and knowingly choose self-representation and must be made aware of its dangers and disadvantages. *Faretta v. California, supra; Geeslin v. State,* 600 S.W.2d 309 (Tex.Crim.App.1980).

■ To determine whether the accused's waiver of counsel was made knowingly and voluntarily, the court should inquire into the accused's age, background, education and experience. Such an inquiry must appear in the record. *Geeslin v. State, supra* at 313. The record must also show that the trial court made the accused fully aware of the dangers and disadvantages of self-representation. *Id.* at 313–314. The accused should be made aware (1) of the general nature of the offense charged and possible penalties; (2) that there are technical rules of evidence and procedure with which he will be obligated to comply; and (3) that he will not be given special consideration because of his lack of formal legal training. *Campbell v. State, supra* at 863.

The attorney for the state, not the court, questioned appellant concerning his acting as his own counsel. No inquiry was made into his age, background, education or experience in order to determine whether he could knowingly and voluntarily waive his right to counsel. Appellant was also not warned of the dangers and disadvantages of self-representation. He was merely informed of his right to a court-appointed attorney. This questioning does not satisfy the requirements for a valid waiver of counsel. Appellant's second ground of error is sustained.

The judgment of the trial court is reversed and remanded.