Leroy CAMPBELL, Appellant,

v.

The STATE of Texas, Appellee.

No. 59219.

Court of Criminal Appeals of Texas,
Panel No. 2.

Sept. 10, 1980.

Glen H. Shelton, Jr., El Paso, for appellant.

Robert Huttash, State's Atty., Austin, for the State.

Before DOUGLAS, PHILLIPS and W. C. DAVIS, JJ.

## OPINION

PHILLIPS, Judge.

This is an appeal from a conviction for assault. Punishment is imprisonment for one year and a fine of $1,000.

Appellant complains that the trial judge forced him to proceed to trial absent a valid waiver of his right to counsel. We agree and reverse.

On November 18, 1976, appellant was arraigned on the charge of assault, a class A misdemeanor. He pleaded not guilty. A pretrial conference was held on December 16, 1976, and the case was set for trial on February 16, 1977. Appellant appeared on February 16 without a lawyer. Because of a crowded docket, the trial judge reset the trial for March 2, 1977. Appellant appeared on that date, again without a lawyer. The state announced ready for trial; appellant stated that he was not ready because he did not have a lawyer and he needed a copy of "a report" possessed by the state, apparently the state's case file.

At this point the trial judge swore appellant as a witness and questioned him for the

record concerning the matter of his legal representation. It was elicited that appellant had been warned on February 16 that the trial would take place on March 2, whether or not he had a lawyer. The trial judge also questioned appellant briefly concerning his age, education, profession, and financial status. The judge informed appellant that he had a right to a lawyer. Appellant replied that he understood that, and had intended to defend himself until he discovered that he could not obtain a copy of the state's case file. The judge promised appellant a copy of the file for use during the trial, and asked whether it was not correct that appellant wanted to represent himself. Appellant demonstrated some reluctance about representing himself, and requested time to study the file. The judge refused to delay the trial. After explaining the basic trial procedure to appellant, the judge commenced the trial.

As a preliminary matter we note that the right to counsel attached in this case. Imprisonment for up to one year was a possible punishment, and the punishment actually assessed included a term of imprisonment. See *Scott v. Illinois*, 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979); *Jordan v. State*, 571 S.W.2d 883 (Tex.Cr.App.1978); *Empy v. State*, 571 S.W.2d 526 (Tex.Cr.App. 1978).

The right to counsel may be waived if the defendant desires to represent himself. *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). However, in order to show a valid waiver of the right to counsel, the record must reflect that the waiver was knowing and intelligent, *and* the defendant was made aware of the dangers and disadvantages of self–representation. *Geeslin v. State*, 600 S.W.2d 309 (Tex. Cr.App.1980); *Renfro v. State*, 586 S.W.2d 496 (Tex.Cr.App.1979). The trial court

must be satisfied as to the existence of both requirements before allowing a defendant to represent himself. *Geeslin*, supra. In regard to the latter requirement, we stated in *Geeslin* at 313–314:

> ... [T]he trial court is ... obligated to insure that the defendant waiving his right to counsel is fully aware of the dangers and disadvantages of self–representation. As stated in *Webb v. State*, [533 S.W.2d 780 (Tex.Cr.App.1976)], "The trial court should ... admonish an accused who desires to represent himself regarding the wisdom and the practical consequences of that [desire]." The facts demonstrating the defendant's awareness must affirmatively appear in the record. *Webb v. State*, supra. The defendant should be made aware of the general nature of the offense he is charged with and the possible penalties that may be imposed. *Goodman v. State*, supra, [591 S.W.2d 498 (Tex.Cr.App.)]; cf. *Maynard v. Meachum*, 545 F.2d 273 (1st Cir. 1976). The defendant should be made aware that there are technical rules of evidence and procedure that he will be obligated to comply with and that he will not be granted any special consideration because of his lack of formal training in law. In short, the defendant must be aware that "he will be on his own in a complex area." *Trevino v. State*, [555 S.W.2d 750 (Tex.Cr. App.1977)].

It is apparent from the record in the present case that appellant at no time was warned of the dangers and disadvantages of representing himself. The trial judge failed to make any such inquiry when he questioned appellant immediately prior to trial. There is nothing in the record to suggest that appellant was so warned at the February 16 hearing or at any of the prior hearings.[1]

Because the trial judge failed to warn appellant of the dangers and disadvantages

---

1. Given appellant's obvious reluctance to represent himself, such a warning might well have swayed appellant to seek a lawyer. Our review of the statement of facts of the trial convinces

us that the addition of competent defense counsel would have greatly benefited appellant's cause.

of representing himself, we cannot say that appellant validly waived his right to counsel. Appellant is entitled to a new trial.

The judgment is reversed and the cause remanded.