**Kenneth Dwight HADNOT, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 14–99–00264–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 10, 2000.

---

Michael B. Charlton, Houston, for appellants.

Calvin Hartmann, Houston, for appellees.

## ORDER

PER CURIAM.

On December 29, 1999, appellant filed a motion to dismiss his appointed counsel, Michael B. Charlton, and proceed pro se on appeal. In response to this motion, this court issued an order on January 6, 2000, requiring the trial court to conduct a hearing and determine: (1) whether appellant desires to prosecute his appeal; (2) whether appellant wishes to discharge his appointed attorney and proceed with his appeal pro se; (3) whether the waiver of assistance of counsel is made voluntarily, knowingly and intelligently; and (4) whether appellant is fully aware of the dangers and disadvantages of self-representation. *See Webb v. State,* 533 S.W.2d 780 (Tex.Crim.App.1976); *Trevino v. State,* 555 S.W.2d 750 (Tex.Crim.App.1977). We further ordered the trial court to prepare a reporter's record of the hearing and file it in this court on or before February 7, 2000.

Our decision to order a hearing in response to appellant's motion was based on the United States Supreme Court's decision in *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). In that case, the Court held that a criminal defendant was entitled to waive counsel and represent himself at trial as long as the waiver is "knowingly and intelligently" made. *See id.* Based on the holding in

*Faretta,* it has been the practice of courts in this state to allow criminal appellants to waive counsel on appeal and proceed pro se. To ensure that the waiver of counsel is knowingly and intelligently made as required by *Faretta,* we order a hearing and require the trial court to make findings and transmit them to this court. *See id.*

■ After this court issued its January 6th order requiring the trial court to hold a *"Faretta"* hearing, the United States Supreme Court issued its opinion in *Martinez v. California,* — U.S. —, 120 S.Ct. 684, 145 L.Ed.2d 597 (2000). In that case, the Court reaffirmed its holding that criminal defendants have a constitutional right to conduct their own defense at trial, if they voluntarily and intelligently elect to do so; however, the Court then held that criminal defendants have no federal constitutional right to represent themselves *on direct appeal* from a conviction. *See id.* 120 S.Ct. at 686–92 (emphasis added). The Court added, however, that appellate courts may, in the exercise of their discretion, allow a defendant to proceed pro se on appeal based on the best interests of the defendant and the government. *See id.* 120 S.Ct. at 691–92. In other words, criminal defendants have no federal constitutional right to self-representation on direct appeal, but states are not precluded from recognizing such a right under their own constitutions. *See id.* 120 S.Ct. at 691–92.

■ No Texas court has recognized a state constitutional right to self-representation on direct appeal. *See Cain v. State,* 976 S.W.2d 228, 235 (Tex.App.—San Antonio 1998, no pet.). In *Cain,* the San Antonio court recognized that article I, section 10 of the Texas Constitution does not encompass the right to counsel as delineated in *Faretta.* As the *Cain* court noted, any federal right to self-representation is incorporated into state criminal proceedings via the Sixth and Fourteenth Amendments to the United States Constitution. *See Cain,* 976 S.W.2d at 235. Now, the Supreme Court has held that the 6th Amend-

ment *does not* guarantee the right to self-representation on direct appeal. *See Martinez,* at —, 120 S.Ct. at 691–92. Accordingly, we hold criminal appellants are not entitled, either by the state or federal constitution, to self-representation on direct appeal. We shall adopt the standard established in *Martinez* and review requests to proceed pro se on a case-by-case basis considering the best interests of both the criminal appellant and the state.

■ In this case, we deny appellant's request to proceed pro se and withdraw our order of January 6, 2000, requiring the trial court to hold a hearing to determine whether appellant should be allowed to proceed pro se. In his motion to waive counsel and proceed pro se, appellant does not point to any specific action or inaction by his appointed counsel that he finds ineffective or inadequate; rather, he simply states he "is not satisfied with the representation of court appointed legal counsel." Appellant's counsel in this case has already filed a brief on appellant's behalf. The brief raises a proper point of error on appeal and contains argument and citation to authority. We find that it would not be in the best interest of either appellant or the state to allow appellant to waive counsel and proceed pro se.

Accordingly, we (1) grant appellant's counsel's motion to withdraw our order of January 6, 2000, (2) withdraw our order of January 6, 2000, (3) instruct appellant's counsel, Michael B. Charlton, to continue his representation of appellant, and (3) deny appellant's request to waive counsel and proceed pro se.