Dwight **CORMIER**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 01–02–00256–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Sept. 12, 2002.

---

R.P. Cornelius, Houston, for Appellant.

Charles A. Rosenthal, Jr., District Attorney-Harris County, William J. Delmore, III, Chief Prosecutor, Appellate Division, Houston, for the State.

Panel consists of Justices HEDGES, JENNINGS, and KEYES.

### ORDER

PER CURIAM.

We abated the appeal and directed the trial court to conduct a hearing in cause number 01–02–00256–CR, *Dwight Cormier* *v. The State of Texas,* because appellant filed in this Court a notice expressing a desire to represent himself on appeal. Our order requested findings from the trial court on these issues: (1) whether appellant wished to waive his right to counsel on appeal and proceed *pro se;* (2) if he did, whether the waiver of assistance of counsel was made voluntarily, knowingly, and intelligently; (3) whether any decision by appellant to proceed *pro se* was in the best interest of appellant and of the State; and (4) whether appellant was fully aware of the dangers and disadvantages of self-representation.

Appellant, R.P. Cornelius (court-appointed appellate counsel), and an assistant district attorney were present for the hearing. At its conclusion, the trial court found that appellant was voluntarily, knowingly, and intelligently waiving the assistance of counsel; that appellant was fully aware of the dangers and disadvantages of self-representation; and that self-representation was not in appellant's best interest. In making this last finding, the trial court noted that she had witnessed the trial at which appellant represented himself.

We order the appeal reinstated. We first consider whether a criminal appellant has a right to appellate self-representation. We conclude that there is no such right.

The United States Supreme Court addressed the question of whether there is a federal constitutional right to self-representation on direct appeal from a criminal conviction in *Martinez v. Court of Appeal of California,* 528 U.S. 152, 120 S.Ct. 684, 145 L.Ed.2d 597 (2000). The court examined its reasoning and holding in *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), and concluded that the constitutional right to represent oneself does not extend to the appellate process under either the Sixth Amendment or the

Due Process Clause. The court observed that its holding does not preclude the states from recognizing a right to appellate self-representation under their own constitutions. *Martinez*, 528 U.S. at 163, 120 S.Ct. at 692. On the other hand, the court held that the states are clearly within their discretion to conclude that the government's interests in the fair and efficient administration of justice outweigh an invasion of the appellant's interest in self-representation. *Id.*[1]

The Fourteenth Court of Appeals followed *Martinez* in *Hadnot v. State*, 14 S.W.3d 348, 350 (Tex.App.-Houston [14th Dist.] 2000) (order), and in *Massingill v. State*, 14 S.W.3d 380, 382 (Tex.App.-Houston [14th Dist.] 2000) (order). The court of appeals denied requests to proceed *pro se*, finding that it would not be in the best interest of either party. *Hadnot*, 14 S.W.3d at 350; *Massingill*, 14 S.W.3d at 382. In doing so, the court acknowledged that no Texas court has recognized a state constitutional right to self-representation on direct appeal.[2]

The Sixth Court of Appeals allowed the appellant to proceed *pro se* on appeal in *Stafford v. State*, 63 S.W.3d 502, 506 (Tex. App.-Texarkana 2001, pet. ref'd), with this observation:

> Stafford specifically asked to proceed pro se in his appeal of the revocation and has been allowed to do so. In connection with that determination, we point out that under the holding in *Martinez v. Court of Appeal of California,* *Fourth Appellate Dist.,* 528 U.S. 152, 164, 120 S.Ct. 684, 145 L.Ed.2d 597 (2000), Stafford did not have a constitutional right to self-representation in an appeal from a criminal conviction, and *we do not suggest that any broader right exists under the Texas Constitution that* would compel this result.

*Id.,* at 506. (Emphasis added.)

We agree with our sister courts of appeals that there is no Texas constitutional right to appellate self-representation. The United States Supreme Court has concluded that there is no federal constitutional right to appellate self-representation. The Texas Code of Criminal Procedure does not include a right to appellate self-representation. Therefore, we will review requests for self-representation in appeals from criminal convictions on a case-by-case basis, considering the best interests of both the appellant and the State.

In the present case, appellant represented himself at trial. The same judge who presided over the trial concluded that it would not be in appellant's best interest to represent himself on appeal. Accordingly, while we respect appellant's genuine desire to proceed *pro se*, we nevertheless find that it would not be in his best interest. We also find that the State's interest in the fair and efficient administration of justice would not be served in this case by allowing appellant to represent himself.

Appellant's request to proceed *pro se* is **denied.** R.P. Cornelius remains appellant's counsel of record on appeal. We

---

1. Justice Scalia opined that the issue could have been readily resolved by the fact that there is no constitutional right to appeal. *Martinez*, 528 U.S. at 165, 120 S.Ct. at 693 (Scalia, J., concurring). Likewise, Texas courts have held that our state constitution does not guarantee a right to appeal. *Phynes v. State*, 828 S.W.2d 1, 2 (Tex.Crim.App.1992); *Ex parte Shumake*, 953 S.W.2d 842, 844 (Tex. App.-Austin 1997, no pet.).

2. The Court of Criminal Appeals' opinion in *Webb v. State*, 533 S.W.2d 780, 783–84 (Tex. Crim.App.1976), recognizing a right to self-representation on appeal, was based on *Faretta. See also Ex parte Davis*, 818 S.W.2d 64, 65–66 (Tex.Crim.App.1991); *Hubbard v. State*, 739 S.W.2d 341, 342–43 (Tex.Crim.App. 1987); *Ex parte Thomas*, 906 S.W.2d 22, 23–24 (Tex.Crim.App.1995).

**order** appellant's brief due 30 days from the date of this order.

It is so **ORDERED.**