Donald Ray CRAWFORD,
Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 13–03–293–CR.

Court of Appeals of Texas,
Corpus Christi–Edinburg.

May 26, 2004.

W.A. "Bill" White, Victoria, for appellant.

Jim Vollers, Austin, Robert E. Bell, Edna, for the State.

Before Justices RODRIGUEZ, CASTILLO, and GARZA.

## ORDER

### On Motions to Proceed Pro Se

PER CURIAM.

Appellant Donald Ray Crawford, Jr. has filed a motion to proceed pro se on appeal as well as a second motion reiterating his desire to represent himself. His court-appointed appellate attorney has filed an appellate brief on his behalf. In the brief, counsel challenges the legal and factual sufficiency of the evidence to support Crawford's conviction. We deny Crawford's pro se motions.

On April 8, 2004, pursuant to this Court's order, the trial court held a hearing regarding Crawford's waiver of his right to counsel. Crawford and his court-appointed counsel appeared in person.[1] During the hearing, Crawford admitted that his knowledge of the rules of appellate procedure is "kind of vague." He agreed

---

1. Crawford acknowledged that his current counsel is his second court-appointed appellate attorney. In communicating its findings to this Court, the trial court noted that this latest hearing was the second one the trial court had convened involving Crawford's dissatisfaction with counsel.

that as a prison inmate, he has limited access to the courts. He acknowledged that "it's hard for me to, pretty hard for me to do any research." At the conclusion of the hearing, the trial court found that Crawford did not knowingly and intelligently waive his right to appellate counsel. It recommended that this Court allow Crawford to file a pro se brief in addition to counsel's brief already on file.

The United States Supreme Court has concluded there is no federal constitutional right to appellate self-representation on direct appeal from a criminal conviction. *Martinez v. Court of Appeal of Ca.,* 528 U.S. 152, 163, 120 S.Ct. 684, 145 L.Ed.2d 597 (2000). The Supreme Court observed that its holding does not preclude the states from recognizing a right to appellate self-representation under their own constitutions. *Id.* The Court held that the states are clearly within their discretion to conclude that the government's interests in the fair and efficient administration of justice outweigh the invasion of the appellant's interest in self-representation. *Id.* No Texas court has recognized a state constitutional right to self-representation on direct appeal. *See Cormier v. State,* 85 S.W.3d 496, 498 (Tex.App.-Houston [1st Dist.] 2002, no pet.) (per curiam order). The Texas Code of Criminal Procedure does not include a right to appellate self-representation. *Id.* Further, it is well settled in Texas that appellants have no right to hybrid representation. *See Ex parte Taylor,* 36 S.W.3d 883, 887 (Tex.Crim.App. 2001); *Rudd v. State,* 616 S.W.2d 623, 625 (Tex.Crim.App. [Panel Op.] 1981); *Rivera v. State,* 130 S.W.3d 454, 458 (Tex.App.-Corpus Christi 2004, no pet. h.). Therefore, we review requests for self-represen-

tation in appeals from criminal convictions on a case-by-case basis, considering the best interests of the appellant, the State, and the administration of justice. *See Cormier,* 85 S.W.3d at 498.

Here, the record supports the trial court's conclusion that Crawford should not be permitted to proceed pro se. Crawford has only a vague knowledge of appellate rules, limited access to the courts, and difficulty with research. While we respect Crawford's genuine desire to proceed without appellate counsel, we conclude that it would not be in his best interest to do so.

Moreover, the right to waive the Sixth Amendment right to counsel may not be exercised simply to delay the orderly procedure of the courts or to interfere with the fair administration of justice. *Rivera,* 130 S.W.3d at 458 (and cited cases). We conclude that the fair and efficient administration of justice would not be served in this case by allowing Crawford to represent himself. We will not entertain any further motions by Crawford seeking to discharge appointed counsel or to represent himself.

Accordingly, having examined and fully considered Crawford's requests, this Court is of the opinion that his motions to proceed pro se should be and are hereby denied. Appellate counsel remains counsel of record on appeal.[2]

---

**2.** This order should not be construed to limit an appellant's right to examine the record and file a pro se brief in the event court-appointed counsel concludes that the appeal

is frivolous. *See Anders v. California,* 386 U.S. 738, 744–45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *see also Penson v. Ohio,* 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300

(1988); *High v. State*, 573 S.W.2d 807, 813 (Tex.Crim.App. [Panel Op.] 1978); *Currie v.* *State*, 516 S.W.2d 684, 684 (Tex.Crim.App. 1974).