IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00258-CR

 

John David Sickles,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 



From the 128th District Court

Orange County, Texas

Trial Court No. A-030589-R

 



ORDER










 

          Sickles’s counsel has filed in this
Court a motion to withdraw as counsel.  Counsel attached 1) a letter from
Sickles requesting his withdrawal and 2) a copy of a motion for self
representation signed by Sickles.  Sickles also filed a motion to represent
himself on appeal.  Both motions are denied.

          Sickles does not have a constitutional
right to represent himself on appeal.  See Martinez v. Court
of Appeal of California, Fourth Appellate Dist., 528 U.S. 152, 163-64, 145 L. Ed. 2d 597, 120 S. Ct. 684 (2000).  At least two courts of appeals have
determined that there is no right for an appellant in a criminal case to
represent himself on appeal.  See Cormier v. State, 85 S.W.3d
496, 498 (Tex. App.—Houston [1st Dist.] 2002, order); see also Crawford
v. State, 136 S.W.3d 417, 418 (Tex. App.—Corpus Christi 2004, order).  In
determining whether to grant Sickles’s request for self-representation, we
consider whether the interests of Sickles, the State, and the administration of
justice would be best served by Sickles’s self-representation.  Id.  

          Counsel represented in correspondence
that he has done a considerable amount of work on this appeal, but does not
want to jeopardize Sickles’s right to represent himself on appeal.  We have
reviewed the legal materials filed by Sickles and determine that it is in the
best interest of Sickles, the State, and the administration of justice if
Sickles continues this appeal represented by counsel.  

          Accordingly, we deny counsel’s request
to withdraw and Sickles’s motion to represent himself.  This appeal will
proceed with Sickles being represented by counsel.  Sickles’s brief is due 25
days from the date of this order.

 

                                                                   PER
CURIAM

 

Before
Chief Justice Gray,

          Justice
Vance, and

          Justice
Reyna

(Justice
Vance concurs with note)*

Motions
denied

Order
issued and filed June 15, 2005

Do
not publish

[CR25]

 

          *
“(Justice Vance concurs with a note.  This order does not fully explain how it
discounts Court of Criminal Appeals authority, cited by counsel, saying that a
defendant has the right to represent himself on appeal.  See Webb v.
State, 533 S.W.2d 780, 784-85 (Tex. Crim. App. 1976) (“We hold here that
the right of an accused to reject the services of counsel and instead represent
himself extends beyond trial into the appellate process.  . . .  Regardless of
the point in the appellate process at which an appellant chooses to assert his
right of self-representation, he will be required to comply with all relevant
rules of appellate procedure set forth in our Code of Criminal Procedure.”); Hubbard
v. State, 739 S.W.2d 341, 345 (Tex. Crim. App. 1987) (“[W]e now hold that
appellant timely asserted his right of self-representation.   . . .   We now
remand the appeal to the Court of Appeals and instruct them to direct the trial
court to hold  a hearing during which the trial court must make the appellant
aware of the dangers and disadvantages of self-representation and the trial
court must develop evidence as to whether appellant's apparent decision to
relinquish benefits associated with counsel and to proceed pro se is knowingly
and intelligently made.”).  Cormier notes that these two cases were
decided by the Court of Criminal Appeals before the Martinez case,
decided by the U.S. Supreme Court in 2000, said that the states are clearly
within their discretion to conclude that the government's interests in the fair
and efficient administration of justice outweigh the invasion of the
appellant's interest in self-representation.  But Martinez has been
cited by the Court of Criminal Appeals in a footnote.  Scheanette v. State,
144 S.W.3d 503, 510 n.2 (Tex. Crim. App. 2004) (“neither does [Appellant] have
a constitutional right to represent himself on direct appeal.”).  Crawford
says: “Therefore, we review requests for self-representation in appeals from
criminal convictions on a case-by-case basis, considering the best interests of
the appellant, the State, and the administration of justice.”  Applying those
factors, I concur in the order.)”






rder-div;border-top:double windowtext 2.25pt;
border-left:none;border-bottom:double windowtext 2.25pt;border-right:none;
padding:10.0pt 0in 10.0pt 0in'>

ORDER



 

          The Attorney General appeals an order
granting Appellee Ernest Smith’s motion to set aside an order reducing unpaid
child support to judgment.

          On April 6, 1981, the judge of the 20th
District Court, which had jurisdiction in Robertson and Milam Counties, signed
a Decree of Legitimation which declared that Ernest Smith is the father of
N.L.A. and ordered him to pay child support.  In 1983, the 20th and 82nd
judicial districts were reorganized so that the 20th District became
composed solely of Milam County, and Robertson became part of the 82nd
District with Falls
 County.[1]  On October 21, 1985, the judge of the 82nd
District Court, which then had jurisdiction in Robertson and Falls Counties,
signed a “Dismissal Judgment” that dismissed the cause for want of
prosecution.  On February 8, 2000, the judge of the 20th
District Court, which then had jurisdiction only in Milam County,
signed an Order Reducing Unpaid Child Support to Judgment.  In May 2001, Smith filed in the 82nd
District Court a motion to set aside the 2000 unpaid child support
judgment.  After a hearing, the judge of
that court signed an order granting the motion.

The
Attorney General argues that the 82nd District Court lacked
jurisdiction either to dismiss the cause for want of prosecution in 1985 or to
set aside the 2000 arrearage judgment.  The
Attorney General contends that the 20th District Court is the court
of continuing, exclusive jurisdiction over this case because it issued the
legitimation decree and ordered child support in 1981.

A
jurisdictional ruling in this case runs the risk of invalidating judgments and
orders in other cases.  If we were to
rule that all cases on the docket in Robertson County on September 1, 1983, in
which there was continuing jurisdiction stayed with the 20th
District Court, we run the risk of invalidating judgments or orders in family
law cases signed thereafter by the 82nd.  On the other hand, a ruling that the 82nd
acquired jurisdiction based on territorial jurisdiction alone could effectively
invalidate judgments and orders signed thereafter by the 20th.

      The
submission is set aside.  We request
additional briefing from the Attorney General on the issue of the effects of
the respective jurisdictional holdings on cases pending in the 20th
and 82nd District Courts on September 1, 1983.  The
Attorney General’s supplemental brief is due forty-five days after the date of
this Order. 

                                                                   PER
CURIAM

 

Before Chief
Justice Gray,

      Justice Vance, and

      Justice Reyna

      (Chief Justice Gray dissenting)

Order issued and
filed June 8, 2005

Do not publish











    [1]       20th and 82nd
Judicial Districts—Reorganization, 68th Leg., R.S. ch 468, 1983 Tex. Gen. Laws 2743.