IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00189-CR

 

Alanda Suzanne Fewins,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 220th District Court

Bosque County, Texas

Trial Court # 00-05-13320-BCCR

 



CONCURRING Opinion



 








          Everything after the first paragraph
in the foregoing order is dicta.

OBITUARY

          The concept in the common law known as
stare decisis, by which it is recognized that a court should follow its prior
rulings, unless deciding a case under the narrow circumstances when a court
decides to overrule its precedent, died in this district today after a lengthy
illness.  On June 15, 2005, this Court issued a unanimous order contrary to the
extensive discussion regarding pro se representation in its order in this case. 
Sickles v. State, No. 10-04-00258-CR (Tex. App.—Waco June 15, 2005,
order)(not designated for publication) (attached Appendix A).  This prior
holding was called to the Court’s attention, but it was ignored.  Further, in Sickles,
id., the issue controlled the disposition of the order and, thus, was
based on the merits of the issue.  In the majority’s order, we have no reason
to believe that Fewins wants to represent herself and we should not engage in
this extensive discussion when it is irrelevant to the disposition.

          If the extensive discussion had any
relevance to the order of abatement, I would have to dissent.  But because an
abatement to conduct a hearing to determine why no brief has been filed is what
needs to happen, I concur.  

 

                                                                   TOM
GRAY

                                                                   Chief
Justice

 

Concurring
opinion delivered and filed September 7, 2005

Publish




APPENDIX A

This
Appendix is from Sickles v. State, No. 10-04-00258-CR (Tex. App.—Waco June 15, 2005, order)(not designated for publication)

 



ORDER










 

          Sickles’s counsel has filed in this
Court a motion to withdraw as counsel.  Counsel attached 1) a letter from
Sickles requesting his withdrawal and 2) a copy of a motion for self
representation signed by Sickles.  Sickles also filed a motion to represent
himself on appeal.  Both motions are denied.

          Sickles does not have a constitutional
right to represent himself on appeal.  See Martinez v. Court
of Appeal of California, Fourth Appellate Dist., 528 U.S. 152, 163-64, 145 L. Ed. 2d 597, 120 S. Ct. 684 (2000).  At least two courts of appeals have
determined that there is no right for an appellant in a criminal case to
represent himself on appeal.  See Cormier v. State, 85 S.W.3d
496, 498 (Tex. App.—Houston [1st Dist.] 2002, order); see also Crawford
v. State, 136 S.W.3d 417, 418 (Tex. App.—Corpus Christi 2004, order).  In
determining whether to grant Sickles’s request for self-representation, we
consider whether the interests of Sickles, the State, and the administration of
justice would be best served by Sickles’s self-representation.  Id.  

          Counsel represented in correspondence
that he has done a considerable amount of work on this appeal, but does not
want to jeopardize Sickles’s right to represent himself on appeal.  We have
reviewed the legal materials filed by Sickles and determine that it is in the
best interest of Sickles, the State, and the administration of justice if
Sickles continues this appeal represented by counsel.  

          Accordingly, we deny counsel’s request
to withdraw and Sickles’s motion to represent himself.  This appeal will
proceed with Sickles being represented by counsel.  Sickles’s brief is due 25
days from the date of this order.

 

          *
“(Justice Vance concurs with a note.  This order does not fully explain how it
discounts Court of Criminal Appeals authority, cited by counsel, saying that a
defendant has the right to represent himself on appeal.  See Webb v.
State, 533 S.W.2d 780, 784-85 (Tex. Crim. App. 1976) (“We hold here that
the right of an accused to reject the services of counsel and instead represent
himself extends beyond trial into the appellate process.  . . .  Regardless of
the point in the appellate process at which an appellant chooses to assert his
right of self-representation, he will be required to comply with all relevant
rules of appellate procedure set forth in our Code of Criminal Procedure.”); Hubbard
v. State, 739 S.W.2d 341, 345 (Tex. Crim. App. 1987) (“[W]e now hold that
appellant timely asserted his right of self-representation.   . . .   We now
remand the appeal to the Court of Appeals and instruct them to direct the trial
court to hold  a hearing during which the trial court must make the appellant
aware of the dangers and disadvantages of self-representation and the trial
court must develop evidence as to whether appellant's apparent decision to
relinquish benefits associated with counsel and to proceed pro se is knowingly
and intelligently made.”).  Cormier notes that these two cases were
decided by the Court of Criminal Appeals before the Martinez case,
decided by the U.S. Supreme Court in 2000, said that the states are clearly
within their discretion to conclude that the government's interests in the fair
and efficient administration of justice outweigh the invasion of the
appellant's interest in self-representation.  But Martinez has been
cited by the Court of Criminal Appeals in a footnote.  Scheanette v. State,
144 S.W.3d 503, 510 n.2 (Tex. Crim. App. 2004) (“neither does [Appellant] have
a constitutional right to represent himself on direct appeal.”).  Crawford
says: “Therefore, we review requests for self-representation in appeals from
criminal convictions on a case-by-case basis, considering the best interests of
the appellant, the State, and the administration of justice.”  Applying those
factors, I concur in the order.)”

 

END OF APPENDIX A






akes the Relator’s request that the Court compel that same
relief by mandamus moot.  We cannot compel that which has already been done. 
If the request for relief is moot because the Respondent has already taken the
action the Relator seeks to compel, the proper result in these original
proceedings is dismissal.  

 

Chief
Justice Gray also notes, in the alternative, that the trial court now has no
jurisdiction to withdraw the dismissal orders.  The dismissal orders that
underlie these five mandamus proceedings were signed by the trial court on June 17, 2008.  Those dismissals are now final judgments in those five proceedings.  We
cannot give the trial court jurisdiction via these mandamus proceedings.  The
only way the trial court can now be reinvested with jurisdiction in those five
proceedings is a reversal of the final judgments of dismissal rendered in each
of those proceedings in a direct appeal.  As discussed below, the direct appeal
of the June 17, 2008 final judgments dismissing each of the five underlying
proceedings has been filed and remains pending before this Court.  Accordingly,
and without question, the Relator has an adequate remedy by direct appeal.  

 

Further,
he notes, that while he agrees with the analysis of In re State, 65
S.W.3d 383 (Tex. App.—Tyler 2002, orig. proceeding) and Gulf Energy Pipeline
Co. v. Garcia, 884 S.W.2d 821 (Tex. App.—San Antonio 1994, orig.
proceeding), those proceedings are easily distinguished.  In State and
Garcia, the administrative portion of the condemnation proceeding was
ongoing, and the trial court was attempting to exercise control over and during
the administrative process.  No final judgment had been rendered dismissing the
proceeding.  Thus, the only way to obtain relief from the trial court’s
interference in both of those proceedings was by mandamus.  In these
proceedings, however, the trial court has rendered a final judgment of
dismissal.  That judgment not only can be, but has been, directly and immediately
appealed.  And while the Court relies on the argument that this mandamus
proceeding will be a more timely review of the trial court’s judgment than a
direct appeal, that is true only because it was given our immediate attention
in derogation of other proceedings.  That argument also is no different for any
proceeding that has been finally disposed of by the trial court.  If the
appeals in these proceedings needed to be expedited because of the nature of
the underlying dispute, they can be expedited.  But there is no justification,
much less authority, for hurtling these proceedings to the front of the line
because they are filed as a mandamus when a direct appeal is not only available
but is actually currently pending.  And if appropriate, a motion to expedite
the disposition of the appeals can be filed and considered.  

 

Finally,
Chief Justice Gray notes that the trial court is expressly authorized by
statute to consider a landowner’s motion to dismiss, and thus, the dismissal
orders are not void as held by the majority.  Tex.
Prop. Code Ann. §
21.019(c) (Vernon 2004); Cf. Footnote 2 Maj. Op. at pg. 4.  Relying on
this section of the Property Code, this Court has previously considered and
affirmed an award of attorneys fees made to the landowner after the
condemnation proceeding was dismissed on motion of the landowner.  Falls
County Water Control v. Haak, 220 S.W.3d 92 (Tex. App..—Waco 2007, no
pet).  If, as the Court now holds, the trial court had no jurisdiction to
consider the landowner’s motion to dismiss, the order granting the landowner’s
motion to dismiss in Haak would have been void; and likewise, the award
of attorneys fees and expenses would have been improper.  Therefore, if the
petitions should not be dismissed as moot because the trial court has already
taken the action sought to be compelled as discussed above, then because the
dismissal order is not void or because there is an adequate remedy by direct
appeal, the petitions for writ of mandamus should be denied.  If Chief Justice
Gray is correct in either of these regards, the procedural anomalies created by
the parties and compounded by the Court will plague the parties and may result
in further proceedings in the underlying cases which result in void judgments. 
In no event should the petitions for writ of mandamus be granted, conditionally
or otherwise.  Therefore, Chief Justice Gray respectfully dissents.”)









[1] We have fifteen pending cases involving
the same parties and issues.





[2] The trial court cause numbers for the
second set of condemnation proceedings are 08-03-18048-CV, 08-03-18049-CV,
08-03-18050-CV, 08-03-18051-CV, and 08-03-18052-CV.