COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF CONTINUING ABATEMENT

Appellate case name:      James L. Menefee v. The State of Texas

Appellate case number:   01-09-00090-CR, 01-09-00091-CR

Trial court case number:  1153928 & 1153929

Trial court:                      183rd District Court of Harris County

On November 22, 2011, we abated this appeal and remanded to the trial court to allow appellate counsel to withdraw and to either appoint another attorney to present all arguable grounds for appeal or to allow appellant to proceed pro se.

The trial court held a hearing on our order on December 6, 2011. At the hearing, appellant, who is indigent, stated that he wanted to proceed pro se. Neither the supplemental clerk's record nor the reporter's record, however, reflected that appellant had been admonished regarding the dangers and disadvantages of self-representation or that appellant had executed a written waiver of the right to counsel. *See* TEX. CODE CRIM. PROC. ANN. art. 1.051(a), (c), (d)(1), (f) (West Supp. 2011) (granting right to representation by counsel in criminal matters; entitling indigent defendant in criminal proceeding to appointed counsel; entitling indigent defendant to appointed counsel for appeal to court of appeals; and authorizing written waiver of right to counsel if made voluntarily and intelligently); *Campbell v. State*, 606 S.W.2d 862, 863 (Tex. Crim. App. 1980) (requiring record to show that waiver was knowing and intelligent and that appellant was aware of dangers and disadvantages of self-representation); *cf.* TEX. CODE CRIM. PROC. ANN. art. 1.051(g) (requiring that trial court advise the defendant of dangers and disadvantages of self-representation prior to proceeding to trial).

As a result, on June 22, 2012, we ordered the trial court to hold a hearing and to admonish the appellant regarding the dangers and disadvantages of self-representation, to determine whether appellant was knowingly and voluntarily waiving his right to counsel, and, if so, to obtain a written waiver of the right to counsel and to provide appellant with a copy of a written order setting a deadline for filing his brief or, if not, to appoint substitute counsel to represent appellant. We further ordered that a supplemental clerk's record containing the trial court's findings and recommendations and any orders issued and the reporter's record of the hearing were to be filed in this Court by July 13, 2012.

The trial court held a hearing on our order of abatement on July 9, 2012. The supplemental clerk's record from the hearing contains copies of two orders of this Court, one page from the trial court's docket sheet, and a certificate of the trial court clerk. The docket sheet, which, as noted in our previous order, is not part of the record, reflects that appellant "wants to continue to represent himself (pro se)." *See State v. Shaw*, 4 S.W.3d 875, 878 (Tex. App.—Dallas 1999, no pet.); *Pifer v. State*, 893 S.W.2d 109, 111 (Tex. App.—Houston [1st Dist.] 1995, pet. ref'd). The reporter's record of the hearing also reflects that appellant wishes to proceed pro se and contains a written waiver of the right to counsel as an exhibit. Nevertheless, despite this Court's instruction to admonish appellant that any attorney appointed to represent him will be required to file a brief on the merits addressing any arguable grounds for appeal and to specifically address the issue of whether the State introduced sufficient evidence to support the plea, the trial court provided no direction to the appellant regarding what any newly-appointed counsel would be required to do. Considering the procedural history of this case, in which two appointed attorneys have filed *Anders* briefs declaring that there are no non-frivolous grounds of appeal, one of which was filed after this Court found at least one non-frivolous ground of appeal, any reasonably prudent person would be skeptical of having a third attorney appointed to represent him. It is not surprising, therefore, that when asked why he did not want an attorney to represent him, appellant stated: "Well, I think that from my experience in the past with this particular case, a lot of error that has occurred in this case has been overlooked by two appeal lawyers from this Court. So, I have no trust in the appellate lawyer from this Court." This response, while reasonable and understandable, does not demonstrate a voluntary waiver of the right to counsel so much as a resignation to having to proceed pro se in an effort to avoid further delay in this cause and to avoid the possibility that a third counsel would inform this Court that the appeal is frivolous. Accordingly, an admonishment to the appellant that counsel would be required to address the issues discussed in our order of abatement and that counsel would not be permitted to file an *Anders* brief was necessary to show that any waiver of the right to counsel by appellant was knowing and intelligent.[1]

There is no right to self-representation on direct appeal from a criminal conviction. *See Crawford v. State*, 136 S.W.3d 417, 418 (Tex. App.—Corpus Christi 2004, order); *Cormier v. State*, 85 S.W.3d 496, 498 (Tex. App.—Houston [1st Dist.] 2002, order); *Hadnot v. State*, 14 S.W.3d 348, 350 (Tex. App.—Houston [14th Dist.] 2000, order). We review requests for self-representation in appeals from criminal convictions on a case-by-case basis, considering the best interests of the appellant, the State, and the administration of justice. *See Crawford*, 136 S.W.3d at 418; *Cormier*, 85 S.W.3d at 498; *Hadnot*, 14 S.W.3d at 350.

Here, appellant first purported to waive the right to counsel on December 6, 2011. Since that time, appellant has not filed a brief or taken any other action in this case. Further, appellant

---

1   "[T]o show a valid waiver of the right to counsel, the record must reflect that the waiver was knowing and intelligent, and the defendant was made aware of the dangers and disadvantages of self-representation." *Campbell*, 606 S.W.2d at 863; *see Goffney v. State*, 843 S.W.2d 583, 585 (Tex. Crim. App. 1992); *see also* TEX. CODE CRIM. PRO. ANN. art. 1.051(f), (g); *Burgess v. State*, 816 S.W.2d 424, 429–30 (Tex. Crim. App. 1991). "The facts demonstrating the defendant's awareness must affirmatively appear in the record." *Geeslin v. State*, 600 S.W.2d 309, 314 (Tex. Crim. App. 1980).

was sentenced in these cases more than three years ago, on January 16, 2009, and filed his notice of appeal on January 28, 2009. Given the extensive delays in this appeal to this point, appellant's statement that he did not want appointed counsel because two lawyers overlooked the alleged errors in this case, **the appellant's lack of understanding that any new counsel would be required to file a brief on the merits**, appellant's diagnosis of major depressive disorder with psychotic features, and appellant's failure to file a brief or take any other action after his first attempt to waive counsel in December 2011, **we conclude that it would not be in appellant's best interest to represent himself in this appeal and that the State's interest in the fair and efficient administration of justice would not be served in this case by permitting appellant to represent himself**. *See Crawford*, 136 S.W.3d at 418; *Cormier*, 85 S.W.3d at 498; *Hadnot*, 14 S.W.3d at 350.

Accordingly, we remand the case to the trial court to appoint appellate counsel at no expense to appellant. *See* TEX. CODE CRIM. PROC. ANN. art. 1.051(a), (c), (d)(1) (granting right to representation by counsel in criminal matters; entitling indigent defendant in criminal proceeding to appointed counsel; and entitling indigent defendant to appointed counsel for appeal to court of appeals); 26.04(p) ("A defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs."); *In re Schulman*, 252 S.W.3d 403, 409 (Tex. Crim. App. 2008) (stating that court of appeals, after deciding that colorable claims for appeal exist, will abate case and remand for appointment of new attorney with directions to file merits brief); *Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005) (requiring court of appeals, after determining that arguable grounds for review exist in contradiction to counsel's *Anders* brief, to remand case to trial court for appointment of new counsel).

The trial court shall order the district clerk to file a supplemental clerk's record containing the order of appointment in this Court no later than July 30, 2012.

Counsel's brief will be due 30 days after the date the trial court makes its appointment, regardless of whether this Court has yet reinstated the appeal, **and counsel will be required to:**

1) Fully investigate and make a conscientious examination of the record;
2) Address all arguable, non-frivolous grounds for appeal in a brief on the merits;
3) Specifically address the issue of whether the State introduced sufficient evidence to support appellant's pleas, with particular reference to the adequacy of the judicial confessions and their incorporated attachments, given the discrepancies between the protective order the State alleged appellant violated in the indictments and the temporary protective order the State attached as Exhibit A to appellant's stipulations, the timing issues related to when appellant allegedly violated the protective order and the short duration of an ex parte temporary protective order, and the requirement that, when the State alleges a criminal violation of an ex parte temporary protective order under Chapter 83 of the Family Code, the State must prove that the ex parte temporary protective order was served on the person accused; and
4) Address any other grounds counsel deems appropriate.

*See* TEX. CODE CRIM. PROC. ANN. art. 1.15 (West 2005); TEX. FAM. CODE ANN. §§ 83.001, 83.002(a) (West 2008); TEX. PENAL CODE ANN. § 25.07(a)(2)(A) (West Supp. 2011); *Anders v. California*, 386 U.S. 738, 744 (1967); *Menefee v. State*, 287 S.W.3d 9, 14 (Tex. Crim. App. 2009) ("However, a stipulation of evidence or judicial confession that fails to establish every element of the offense charged will not authorize the trial court to convict."); *Schulman*, 252 S.W.3d at 409; *Bledsoe*, 178 S.W.3d at 827; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Baggett v. State*, 342 S.W.3d 172, *passim* (Tex. App.—Texarkana 2011, no pet.).

The appeal remains abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record is filed in this Court.

It is so ORDERED.


Judge's signature: /s/ <u>Justice Jim Sharp</u>
       ☑ Acting individually    ☐ Acting for the Court

Date: July 20, 2012