COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF CONTINUING ABATEMENT

Appellate case name:      Gerald Allen Hayes v. The State of Texas

Appellate case number:    01-09-00437-CR

Trial court case number:  1178372

Trial court:              351st District Court of Harris County

On February 24, 2011, appellant's appointed counsel, Scott Ramsey, filed a motion to withdraw and to allow appellant to proceed pro se. Ramsey noted that appellant had "stridently demanded to be allowed to review, edit, and supplement any brief filed by appellant counsel," and "further maintained that the trial record is incomplete." According, this Court abated the case and ordered the trial court to properly admonish appellant of the dangers and disadvantages of self-representation and to determine whether appellant should be permitted to represent himself. The trial court did so, and, on August 18, 2011, this Court reinstated the appeal, granted Scott Ramsey's motion to withdraw, and allowed appellant to proceed pro se. We also ordered appellant's brief filed within 30 days of the date of the order reinstating the appeal.

Appellant did not file a brief. Instead, he claimed that several documents were missing from the court's record. Accordingly, on November 15, 2011, this Court abated the appeal for a second time and ordered the trial court to determine whether the appellate record was complete.

On January 18, 2012, the trial court filed findings of fact and conclusions of law indicating that the appellate record was, in fact, complete.

Still appellant has not filed a brief. He continues to urge that the trial record is incomplete, and that he needs to supplement the record and additional time to file a brief.

The Court has also had difficulty communicating with Appellant, as appellant has been moved from the prison unit given as his address to this Court on at least one occasion.

There is no right to self-representation on direct appeal from a criminal conviction. *See Crawford v. State*, 136 S.W.3d 417, 418 (Tex. App.—Corpus Christi 2004, order); *Cormier v. State*, 85 S.W.3d 496, 498 (Tex. App.—Houston [1st Dist.] 2002, order); *Hadnot v. State*, 14 S.W.3d 348, 350 (Tex. App.—Houston [14th Dist.] 2000, order). We review requests for self-

representation in appeals from criminal convictions on a case-by-case basis, considering the best interests of the appellant, the State, and the administration of justice. *See Crawford*, 136 S.W.3d at 418; *Cormier*, 85 S.W.3d at 498; *Hadnot*, 14 S.W.3d at 350.

Here, neither appellant's own interest, nor the interest of the administration of justice are being furthered by continuing to allow appellant to represent himself on appeal. This case is over three years old and appellant still claims to be unable to file a brief because of an incomplete record, despite the trial court's finding that the record is complete. Additionally, the difficulty of communicating with appellant suggests that appointing counsel to represent him in this case would be in the best interest of all parties.

Accordingly, we remand the case to the trial court to appoint appellate counsel at no expense to appellant. *See* TEX. CODE CRIM. PROC. ANN. art. 1.051(a), (c), (d)(1) (granting right to representation by counsel in criminal matters; entitling indigent defendant in criminal proceeding to appointed counsel; and entitling indigent defendant to appointed counsel for appeal to court of appeals); 26.04(p) ("A defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs.").

The trial court shall order the district clerk to file a supplemental clerk's record containing the order of appointment in this Court no later than August 6, 2012.

Counsel's brief will be due 30 days after the date the trial court makes its appointment, regardless of whether this Court has yet reinstated the appeal.

The appeal remains abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record is filed in this Court.

It is so **ORDERED**.


Judge's signature: /s/ Chief Justice Sherry Radack
☐ Acting individually ☐ Acting for the Court

Date: July 26, 2012