

COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON

ORDER

Appellate case name:    Michael Shayne Hansley v. The State of Texas

Appellate case number:  01-12-01023-CR, 01-12-01024-CR, 01-12-01025-CR

Trial court case number:  11CR1177, 11CR1178, 11CR1179

Trial court:            212th District Court of Galveston County

Appellant has filed a "Motion to Dismiss Appellate Counsel + Motion for Self-Representation (to Proceed Pro-Se) on Direct Appeal," asking this Court to dismiss appellate counsel, Diane D. Clark, and to allow appellant to represent himself. Appellant has also filed a motion to dismiss the brief counsel filed on his behalf, arguing that he is "receiving ineffective assistance of counsel" based on the argument presented in the brief filed on his behalf. We deny the motions.

Although an appellant has a right to counsel on direct appeal from a criminal conviction, an appellant does not have a right to self-representation on appeal. *See Scheanette v. State*, 144 S.W.3d 503, 505 n.2 (Tex. Crim. App. 2004); *Buntion v. Harmon*, 827 S.W.2d 945, 948 (Tex. Crim. App. 1992); *Crawford v. State*, 136 S.W.3d 417, 418 (Tex. App.—Corpus Christi 2004, order); *Cormier v. State*, 85 S.W.3d 496, 497–98 (Tex. App.—Houston [1st Dist.] 2002, order); *Hadnot v. State*, 14 S.W.3d 348, 350 (Tex. App.—Houston [14th Dist.] 2000, order); *see also* TEX. CODE CRIM. PROC. ANN. art. 1.051(a) (West Supp. 2012). We review requests for self-representation in appeals from criminal convictions on a case-by-case basis, considering the best interests of the appellant, the State, and the administration of justice. *See Crawford*, 136 S.W.3d at 418; *Cormier*, 85 S.W.3d at 498; *Hadnot*, 14 S.W.3d at 350.

Based on the record in this case and the fact that counsel has filed a brief on appellant's behalf and the case has been set for submission, we conclude it would not be in the best interest of appellant, the State, or the administration of justice to allow appellant to waive counsel and proceed pro se.

Accordingly, we DENY both appellant's "Motion to Dismiss Appellate Counsel + Motion for Self-Representation (to Proceed Pro-Se) on Direct Appeal" and his motion to dismiss the brief filed by counsel on his behalf. Appellant's "Motion requesting this court to dispense with the rule/requirements that Appellant file a certain number of motions, copies of motion" filed September 9, 2013 is DISMISSED as moot.

It is so ORDERED.

Judge's signature: /s/ <u>Michael Massengale</u>
    ☒ Acting individually  ☐ Acting for the Court

Date: September 13, 2013