COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF ABATEMENT

Appellate case name:       Willie McDowell v. The State of Texas

Appellate case number:   01-15-00483-CR

Trial court case number:  1439664

Trial court:                      182nd District Court of Harris County

Appellant has filed an "Emergency Waiver of Court Appointed Counsel on Direct Appeal" and "Appellant's Invocation of His Right to Represent Himself Pro-Se," asking this Court to dismiss appellate counsel, Hattie Sewell Shannon, and to allow appellant to represent himself. We abate and remand for further proceedings.

An appellant has a right to counsel on direct appeal from a criminal conviction. *See Buntion v. Harmon*, 827 S.W.2d 945, 948 (Tex. Crim. App. 1992); *see also* TEX. CODE CRIM. PROC. ANN. art. 1.051(a) (West Supp. 2011). An appellant does not, however, have a right to self-representation on appeal. *See Scheanette v. State*, 144 S.W.3d 503, 505 n.2 (Tex. Crim. App. 2004); *Crawford v. State*, 136 S.W.3d 417, 418 (Tex. App.—Corpus Christi 2004, order); *Cormier v. State*, 85 S.W.3d 496, 497–98 (Tex. App.—Houston [1st Dist.] 2002, order); *Hadnot v. State*, 14 S.W.3d 348, 350 (Tex. App.—Houston [14th Dist.] 2000, order). We review requests for self-representation in appeals from criminal convictions on a case-by-case basis, considering the best interests of the appellant, the State, and the administration of justice. *See Crawford*, 136 S.W.3d at 418; *Cormier*, 85 S.W.3d at 498; *Hadnot*, 14 S.W.3d at 350. Further, for an appellant's waiver of the right to counsel to be valid, it must be made after the appellant is properly admonished regarding the dangers and disadvantages of self-representation and it must be made voluntarily, knowingly, and intelligently. *See* TEX. CODE CRIM. PROC. ANN. art. 1.051(f); *Campbell v. State*, 606 S.W.2d 862, 863 (Tex. Crim. App. 1980).

Accordingly, we abate this appeal and remand the cause to the trial court for further proceedings. On remand, the trial court shall conduct a hearing within 20 days of the date of this order at which a representative of the Harris County District Attorney's Office and appellant's counsel, Hattie Sewell Shannon, shall be present. Appellant shall also be present for the hearing in person or, if appellant is incarcerated, at the trial court's discretion, appellant may participate

in the hearing by use of a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound.[1]

We direct the trial court to:

1)  Determine whether appellant wishes to waive his right to counsel on appeal and proceed pro se;
2)  If so, admonish appellant regarding the dangers and disadvantages of self-representation, including admonishments regarding the wisdom and practical consequences of self-representation and that there are rules of appellate procedure that appellant will be obligated to follow and that he will not be granted any special consideration because of his lack of formal training in law;
3)  Determine whether appellant's waiver is intelligent and voluntary;
4)  Determine whether any decision by appellant to proceed pro se is in the best interest of appellant, the State, and the administration of justice;
5)  If appellant wishes to waive counsel, after being properly admonished, and the waiver is intelligent and voluntary and is in the best interest of appellant, the State, and the administration of justice, discharge appointed counsel;
6)  Make any other findings and recommendations the trial court deems appropriate; and
7)  Issue written findings of fact, conclusions of law, and recommendations as to these issues, separate and apart from any docket sheet notations.

*See* TEX. CODE CRIM. PROC. ANN. art. 1.051(a), (c), (d)(1), (f); 26.04(j)(2); *Goffney v. State*, 843 S.W.2d 583, 584–85 (Tex. Crim. App. 1992); *Geeslin v. State*, 600 S.W.2d 309, 313–14 (Tex. Crim. App. 1980); *Cormier*, 85 S.W.3d at 497–988; *East v. State*, 48 S.W.3d 412, 414 (Tex. App.—Houston [14th Dist.] 2001, order).

The trial court shall have a court reporter, or court recorder, record the hearing. The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings, recommendations, and orders with this Court within 25 days of the date of this order. The court reporter is directed to file the reporter's record of the hearing within 25 days of the date of this order. If the hearing is conducted by video teleconference, a certified recording of the hearing shall also be filed in this Court within 25 days of the date of this order.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when records that comply with our order are filed with the Clerk of this Court. The court coordinator of the trial court shall set a hearing date and notify the parties.

It is so ORDERED.

---

[1]  On request of appellant, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

Judge's signature: /s/ <u>Chief Justice Sherry Radack</u>

☒  Acting individually    ☐  Acting for the Court

Date:  October 13, 2015