COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF ABATEMENT

Appellate case name:     Donnell Johnson v. The State of Texas

Appellate case number:   01-15-00924-CR

Trial court case number: 1450426

Trial court:             232nd District Court of Harris County

Appellant, Donnell Johnson, has filed a "Motion to Dismiss Appeal Attorney and Be Admonished for Self-Representation," asking this Court to dismiss his appointed appellate counsel and admonish appellant regarding self-representation. Appellant's motion indicates that he has lost confidence in his counsel's "performance on appeal." We abate the appeal.

An appellant has a right to counsel on direct appeal from a criminal conviction. *See Buntion v. Harmon*, 827 S.W.2d 945, 948 (Tex. Crim. App. 1992); *see also* TEX. CODE CRIM. PROC. ANN. art. 1.051(a) (Vernon Supp. 2015). An appellant does not, however, have a right to self-representation on appeal. *See Scheanette v. State*, 144 S.W.3d 503, 505 n.2 (Tex. Crim. App. 2004); *Crawford v. State*, 136 S.W.3d 417, 418 (Tex. App.—Corpus Christi 2004, order); *Cormier v. State*, 85 S.W.3d 496, 497–98 (Tex. App.—Houston [1st Dist.] 2002, order); *Hadnot v. State*, 14 S.W.3d 348, 350 (Tex. App.—Houston [14th Dist.] 2000, order). We review requests for self-representation in appeals from criminal convictions on a case-by-case basis, considering the best interests of the appellant, the State, and the administration of justice. *See Crawford*, 136 S.W.3d at 418; *Cormier*, 85 S.W.3d at 498; *Hadnot*, 14 S.W.3d at 350. Further, for an appellant's waiver of the right to counsel to be valid, it must be made after the appellant is properly admonished regarding the dangers and disadvantages of self-representation and must be made voluntarily, knowingly, and intelligently. *See* TEX. CODE CRIM. PROC. ANN. art. 1.051(f); *Campbell v. State*, 606 S.W.2d 862, 863 (Tex. Crim. App. 1980).

Accordingly, we abate this appeal and remand for the trial court to immediately conduct a hearing at which a representative of the Harris County District Attorney's Office and appellant's counsel, J. Sidney Crowell, shall be present. Appellant shall also be present for the hearing in person or, if appellant is incarcerated, at the trial court's discretion, appellant may participate in

the hearing by use of a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound.[1]

We direct the trial court to:

1) determine whether appellant wishes to waive his right to counsel on appeal and proceed pro se;
2) if so, admonish appellant regarding the dangers and disadvantages of self-representation, including admonishments regarding the wisdom and practical consequences of self-representation, including that there are rules of appellate procedure that appellant will be obligated to follow and he will not be granted any special consideration because of his lack of formal training in law;
3) determine whether appellant's waiver is intelligent and voluntary;
4) determine whether any decision by appellant to proceed pro se is in the best interest of appellant, the State, and the administration of justice;
5) if appellant wishes to waive counsel, after being properly admonished, and the waiver is intelligent and voluntary and is in the best interest of appellant, the State, and the administration of justice, discharge appointed counsel;
6) make any other findings and recommendations the trial court deems appropriate; and
7) issue written findings of fact, conclusions of law, and recommendations as to these issues, separate and apart from any docket sheet notations.

*See* TEX. CODE CRIM. PROC. ANN. art. 1.051(a), (c), (d)(1), (f); 26.04(j)(2); *Goffney v. State*, 843 S.W.2d 583, 584–85 (Tex. Crim. App. 1992); *Geeslin v. State*, 600 S.W.2d 309, 313–14 (Tex. Crim. App. 1980); *Cormier*, 85 S.W.3d at 497–988; *East v. State*, 48 S.W.3d 412, 414 (Tex. App.—Houston [14th Dist.] 2001, order).

The trial court shall have a court reporter, or court recorder, record the hearing. The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings, recommendations, and orders with this Court within 30 days of the date of this order. The court reporter is directed to file the reporter's record of the hearing within 30 days of the date of this order. If the hearing is conducted by video teleconference, a certified recording of the hearing shall also be filed in this Court within 30 days of the date of this order.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when records that comply with our order are filed with the Clerk of this Court. The court coordinator of the trial court shall set a hearing date and notify the parties.

---

[1] On appellant's request, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the State's attorney.

It is so ORDERED.


Judge's signature: /s/ <u>Terry Jennings</u>

                ☒  Acting individually    ☐  Acting for the Court

Date:  April 12, 2016