

## NUMBER 13-16-00038-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI—EDINBURG

NELSON PARNELL JR.,                                             **Appellant,**

**v.**

THE STATE OF TEXAS,                                             **Appellee.**

### On Appeal from the 85th District Court
### of Brazos County, Texas

## ORDER ABATING APPEAL

### Before Chief Justice Valdez and Justices Benavides and Hinojosa
### Order Per Curiam

Appellant's appointed counsel filed an amended brief in this cause on July 7, 2016. On July 15, 2016, appellant attempted to file a pro se motion regarding supplementation of the record; however, this Court notified appellant that we would not consider this motion because appellant is represented by counsel and he is not entitled to hybrid

representation.[1]  The State filed its brief in this matter on August 5, 2016.  The Court later received a pro se letter from appellant in which he asserted that he has a right to proceed pro se and he has waived his right to counsel.  On September 27, 2016, we abated this appeal and remanded to the trial court to conduct a hearing to determine if appellant should proceed pro se, and if not, whether appellant's appointed counsel should remain as appointed counsel in this case or whether appellant is entitled to new appointed counsel.  The trial court conducted a hearing on October 11, 2016, during which appellant requested new appellate counsel.  The trial court entered an order that same day appointing new counsel to represent appellant.  On December 12, 2016, appellant's second appointed counsel filed a supplemental brief in this cause.

On December 16, 2016, the Court again received a pro se letter from appellant asserting that he has a right to proceed pro se and he has waived his right to counsel. The Court again notified appellant that we would not consider the motion because appellant is represented by counsel and he is not entitled to hybrid representation.  We have subsequently received four additional pro se letters from appellant, each asserting that he wishes to proceed pro se.

The Court, having considered these matters and the appellant's apparent desire to proceed on appeal without the benefit of counsel, is of the opinion that the appeal

---

[1] This appeal was transferred to this Court from the Tenth Court of Appeals by order of the Texas Supreme Court.  *See* TEX. GOV'T CODE ANN. § 22.220(a) (West, Westlaw through 2015 R.S.) (delineating the jurisdiction of appellate courts); TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through 2015 R.S.) (granting the supreme court the authority to transfer cases from one court of appeals to another at any time that there is "good cause" for the transfer).

2

should be abated in accordance with *Hubbard v. State,* 739 S.W.2d 341 (Tex. Crim. App. 1987). Accordingly, we ABATE the appeal and REMAND the case to the trial court.

The trial court is ordered to immediately cause notice to be given and conduct a hearing to determine if appellant should proceed pro se or with his currently appointed counsel. The trial court is required to inform appellant that he is not entitled to hybrid representation. The trial court is also required to make appellant aware of the dangers and disadvantages of self-representation and to develop evidence regarding whether appellant's apparent decision to relinquish the benefits associated with counsel and to proceed pro se is knowingly and intelligently made. In making its determination, the trial court should consider the best interests of appellant, the State, and the speedy and efficient administration of justice. *See, e.g., Crawford v. State*, 136 S.W.3d 417, 418 (Tex. App.—Corpus Christi 2004, per curiam order); *Cormier v. State*, 85 S.W.3d 496, 498 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (per curiam order).

If the trial court determines that appellant waives his right to counsel and elects to proceed pro se, the court shall enter an order to that effect. The trial court shall make and file appropriate findings of fact and conclusions of law with regard to these matters. The trial court shall include its order and its findings and conclusions in a supplemental clerk's record, and shall cause the hearing to be transcribed and included in a supplemental reporter's record. These records should be filed with the Clerk of this Court on or before the expiration of thirty days from the date of this order. If the trial court requires additional time to comply, the trial court should so notify the Clerk of this Court. Appellant's motions to proceed on appeal pro se, to amend or supplement appellant's

3

brief, for pro se access to the record, and to supplement the record will be CARRIED WITH THE CASE pending receipt and review of the trial court's findings and conclusions on remand.

IT IS SO ORDERED.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed this the
3rd day of February, 2017.

4