**Edward Earl MASSINGILL, Appellant**

v.

**The STATE of Texas, Appellee.**

**No. 14–99–00727–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 17, 2000.

J. Sidney Crowley, Houston, for appellants.

Calvin Hartmann, Houston, for appellees.

## ORDER

PER CURIAM.

On February 2, 2000, appellant filed a motion to dismiss his appointed counsel, J. Sidney Crowley, and proceed pro se on appeal.

Our former practice has been to order a hearing in response to appellant's motion to determine whether appellant's waiver of assistance of counsel was made voluntarily, knowingly and intelligently, based on the United States Supreme Court's decision in *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). In that case, the Court held that a criminal defendant was entitled to waive counsel and represent himself at trial as long as the waiver is "knowingly and intelligently" made. *See id.* Based on the holding in *Faretta,* it has been the practice of courts in this state to allow criminal appellants to waive counsel on appeal and proceed pro se. To ensure that the waiver of counsel is knowingly and intelligently made as required by *Faretta,* we order a hearing and require the trial court to make findings and transmit them to this court. *See id.*

■ Recently, the United States Supreme Court reaffirmed its holding that criminal defendants have a constitutional right to conduct their own defense at trial if they voluntarily and intelligently elect to do so; however, the Court then held that criminal defendants have no federal constitutional right to represent themselves *on direct appeal* from a conviction. *See Martinez v. California,* —— U.S. ——, —— ——, 120 S.Ct. 684, 686–92, 145 L.Ed.2d 597 (2000)(emphasis added). The Court added that appellate courts may, in the exercise of their discretion, allow a defendant to proceed pro se on appeal based on the best interests of the defendant and the government. *See id.* at ——, 120 S.Ct. at 691–92. In other words, criminal defen-

dants have no federal constitutional right to self-representation on direct appeal, but states are not precluded from recognizing such a right under their own constitutions. *See id.* at ——, 120 S.Ct. at 691–92.

 No Texas court has recognized a state constitutional right to self-representation on direct appeal. *See Cain v. State,* 976 S.W.2d 228, 235 (Tex.App.—San Antonio 1998, no pet.). In *Cain,* the San Antonio court recognized that article I, section 10 of the Texas Constitution does not encompass the right to counsel as delineated in *Faretta.* As the *Cain* court noted, any federal right to self-representation is incorporated into state criminal proceedings via the Sixth and Fourteenth Amendments to the United States Constitution. *See Cain,* 976 S.W.2d at 235. Now, the Supreme Court has held that the 6th Amendment *does not* guarantee the right to self-representation on direct appeal. *See Martinez,* at ——, 120 S.Ct. at 691–92. Accordingly, we hold criminal appellants are not entitled, either by the state or federal constitution, to self-representation on direct appeal. We shall adopt the standard established in *Martinez* and review requests to proceed pro se on a case-by-case basis considering the best interests of both the criminal appellant and the state.

■ In this case, we deny appellant's request to proceed pro se. In his motion to waive counsel and proceed pro se, appellant does not point to any specific action or inaction by his appointed counsel that he finds ineffective or inadequate; rather, he simply states he "is not satisfied with the representation of court appointed legal counsel." Appellant's counsel in this case has already filed a brief on appellant's behalf, which raises proper points of error on appeal and contains argument and citation to authority. We find that it would not be in the best interest of either appellant or the state to allow appellant to waive counsel and proceed pro se.

Accordingly, we deny appellant's request to waive counsel and proceed pro se.