NO. 07-05-0460-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 28, 2006
_____

MICHAEL GOMEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 286TH DISTRICT COURT OF HOCKLEY COUNTY;

NO. 04-10-5815; HONORABLE HAROLD PHELAN, JUDGE
_____

Before REAVIS and CAMPBELL and HANCOCK, JJ.

_____**ORDER ON ABATEMENT AND REMAND**

Appellant, Michael Gomez, seeks removal of his court appointed appellate attorney and requests self-representation on appeal. We abate and remand for further proceedings.

Background

Appellant was appointed an attorney following his conviction for murder and sentence of 40 years confinement in the Institutional Division of the Texas Department of

Criminal Justice.   Initially, appellant's brief was due on May 11, 2006.  Appellant's court appointed attorney filed two motions for extension of the time to file appellant's brief.  This court granted these motions, making appellant's brief due by July 21.

By letter dated July 5, appellant informed his court appointed counsel of his desire to proceed *pro se* and requested counsel file an <u>Anders</u> brief.  <u>See</u> <u>Anders v. California</u>, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); <u>Gainous v. State</u>, 436 S.W.2d 137, 138 (Tex.Crim.App. 1969).  Instead, appellant's counsel filed a third motion to extend the time for filing of appellant's brief and, subsequently, timely filed appellant's brief on August 7.  On the same date, appellant sent his counsel a second letter informing counsel that he was "terminated" and that counsel was instructed to file an <u>Anders</u> brief so that appellant would be entitled to a free record and the opportunity to file a *pro se* brief. Upon receipt of appellant's August 7th letter, appointed counsel filed a motion to withdraw citing a potential conflict of interest precluding his continued representation of appellant.

An accused has the right to assistance of counsel in trial and appellate proceedings. <u>See</u> <u>Gideon v. Wainwright</u>, 372 U.S. 335, 344-45, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); <u>Buntion v. Harmon</u>, 827 S.W.2d 945, 948 (Tex.Crim.App.1992).  Further, Texas courts of appeals have concluded that an appellant either has a constitutional right to self-representation or, at minimum, has reviewed an appellant's request for self-representation on a case-by-case basis.  <u>See</u> <u>Sickles v. State</u>, 170 S.W.3d 298, 299 (Tex.App.–Waco 2005, order) (appellant has statutory right to self-representation on appeal); <u>Martinez v. State</u>, 163 S.W.3d 88, 89 (Tex.App.–Amarillo 2004, order) disp. on merits, 163 S.W.3d 92 (Tex.App.–Amarillo 2005, no pet.); <u>Crawford v. State</u>, 136 S.W.3d 417, 418

2

(Tex.App.–Corpus Christi 2004, no pet.) (requests for self-representation reviewed on a case-by-case basis); Cormier v. State, 85 S.W.3d 496, 498 (Tex.App.–Houston [1st Dist.] 2002, no pet); Massingill v. State, 14 S.W.3d 380, 381-382 (Tex.App.–Houston [14th Dist.] 2000, no pet.).   But an appellant is not entitled to hybrid representation on appeal. Martinez, 163 S.W.3d at 89 (citing Rudd v. State, 616 S.W.2d 623, 625 (Tex.Crim.App. [Panel Op.] 1981).  If problems with counsel arise, it is incumbent upon appellant to inform the court in a timely manner.  See Hubbard v. State, 739 S.W.2d 341, 344 (Tex.Crim.App. 1987); Martinez, 163 S.W.3d at 90.  In other words, an appellant cannot use his desire for self-representation or any friction existing between himself and appointed counsel as a means of manipulating or obstructing the orderly procedure of the court or interfering with the fair administration of justice.  Martinez, 163 S.W.3d at 90.

In the present case, appellant informed his court appointed counsel and this court of his desire for self-representation on two occasions prior to counsel's filing of appellant's brief.  Although appointed counsel has acted timely and has raised two issues in the filed brief, appellant has expressed his distrust of court appointed attorneys and his desire to represent himself with the assistance of others within the prison system.  Appellant does not appear to be attempting to obstruct court procedure or interfere with the fair administration of justice, but appears to be expressing a true desire for self-representation.

Consequently, we abate this appeal and remand the matter to the trial court for further proceedings.  Upon remand, the trial court shall determine the following:

1.      whether appellant desires to prosecute the appeal;

3

2.     whether circumstances, if any, warrant the removal of current counsel;

3.     whether circumstances, if any, warrant appointment of new counsel;

4.     whether appellant asks to waive appointed counsel and represent himself *pro se*;

5.     If appellant opts to represent himself, whether appellant's decision is competently and intelligently made, including whether appellant is aware of the dangers and disadvantages of self-representation, see Hubbard, 739 S.W.2d at 345; and

6.     if appellant wishes to proceed *pro se*, whether allowing him to do so is in his best interests.

We further direct the trial court to issue findings of fact and conclusions of law addressing the foregoing subjects. Should the trial court determine that appellant's circumstances warrant substitution of counsel, then new counsel shall be appointed and the name, address, telephone number, and state bar number of said counsel shall be included in the findings of fact. Additionally, the trial court may hold hearings and enter orders as the court deems necessary regarding the aforementioned issues and shall cause its findings and conclusions and any orders entered to be included in a supplemental clerk's record. A supplemental reporter's record of any hearing held shall be transcribed.[1]

---

[1]Although, appellant is to participate in the abatement proceeding, this does not necessarily mean that the appellant must personally appear before the trial court. See Fewins v. State, 170 S.W.3d 293, 294 (Tex.App.–Waco 2005, no pet.) (trial court given the option of fulfilling duties via teleconference or postal service).

Finally, the trial court shall file the supplemental clerk's record and the supplemental reporter's record with the Clerk of this Court by Tuesday, October 31, 2006.

Per Curiam

Do not publish.