**Abatement Order filed November 29, 2011.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-11-00433-CR

_____

**ANTHONY WHITNEY NORMAN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 262nd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1248767**

## A B A T E M E N T   O R D E R

Appellant is represented by appointed counsel, Angela L Cameron, of the Harris County Public Defender's Office. On October 11, 2011, appellant filed a motion to dismiss his appointed attorney and to proceed *pro se* on appeal. Neither counsel for appellant or for the State have filed a response to the motion.

When a criminal appellant waives his right to appointed counsel, he waives many traditional benefits associated with the right to counsel. Before an appellant may dismiss appointed counsel and proceed *pro se*, the waiver must be "knowingly and intelligently" made. *See Faretta v. California*, 95 S.Ct. 2525; 422 U.S. 806, (1975).

In *Martinez v. California*, 528 U.S. 152, 120 S.Ct. 684 (2000), the United States Supreme Court reaffirmed its holding that criminal defendants have a constitutional right to conduct their own defense at trial, if they voluntarily and intelligently elect to do so; however, the Court then held that criminal defendants have no federal constitutional right to represent themselves on direct appeal from a conviction. 120 S.Ct. at 686-92. The Court added that appellate courts may, in the exercise of their discretion, allow a defendant to proceed pro se on appeal based on the best interests of the defendant and the government. *Id.* at 691-92. In other words, criminal defendants have no federal constitutional right to self-representation on direct appeal, but states are not precluded from recognizing such a right under their own constitutions. *Id.*

This court has adopted the standard established in *Martinez,* and we review requests to proceed pro se on a case-by-case basis considering the best interests of both the criminal appellant and the State. *See Hadnot v. State*, 14 S.W.3d 348, 349 (Tex. App.—Houston [14th Dist.] 2000) (order); *Massingill v. State,* 14 S.W.3d 380, 381 (Tex. App.—Houston [14th Dist.] 2000) (order). In this case, appellant asserts that appointed counsel has not submitted any proposed motions or brief for his review and a conflict of interest has arisen. Accordingly, we issue the following order.

WE ORDER the Judge of the 262nd District Court, to immediately conduct a hearing at which appellant, either in person or by videoteleconference, appellant's appointed attorney, and the State's counsel shall be present to determine: (1) whether appellant desires to prosecute his appeal; (2) whether appellant wishes to discharge his appointed attorney and proceed with his appeal *pro se*; (3) whether the waiver of assistance of counsel is made voluntarily, knowingly and intelligently; (4) whether appellant's decision to proceed *pro se* is in the best interest of appellant and of the State; and (5) whether appellant is fully aware of the dangers and disadvantages of self-representation. *See Funderburg v. State*, 717 S.W.2d 637 (Tex. Crim. App. 1986); *Webb v. State*, 533 S.W.2d 780 (Tex. Crim. App. 1976); *Trevino v. State*, 555 S.W.2d 750 (Tex. Crim. App. 1977).

2

WE FURTHER ORDER the Judge of the 262nd District Court to have a court reporter present to prepare a reporter's record. The reporter's record, and a supplemental clerk's record containing the trial court's findings, shall be filed with the Clerk of this court on or before **December 30, 2011**.

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket when the trial court's findings and recommendations are filed in this court. The court will also consider an appropriate motion to reinstate the appeal filed by either party, or the court may reinstate the appeal on its own motion. It is the responsibility of any party seeking reinstatement to request a hearing date from the trial court and to schedule a hearing in compliance with this court's order. If the parties do not request a hearing, the court coordinator of the trial court shall set a hearing date and notify the parties of such date.

PER CURIAM

Panel consists of Chief Justice Hedges and Justices Anderson and Christopher.