**Appeal Reinstated and Order filed January 10, 2012.**



In The

# Fourteenth Court of Appeals

———————

NO. 14-11-00433-CR

———————

**ANTHONY WHITNEY NORMAN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 262nd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1248767**

## O R D E R

Appellant is represented by appointed counsel, Angela L Cameron, of the Harris County Public Defender's Office.  On October 11, 2011, appellant filed a motion to dismiss his appointed attorney and to proceed *pro se* on appeal.  Neither counsel for appellant or for the State filed a response to the motion.

When a criminal appellant waives his right to appointed counsel, he waives many traditional benefits associated with the right to counsel.   Before an appellant may dismiss appointed counsel and proceed *pro se*, the waiver must be "knowingly and intelligently" made.  *See Faretta v. California*, 95 S.Ct. 2525; 422 U.S. 806, (1975).

In *Martinez v. California*, 528 U.S. 152, 120 S.Ct. 684 (2000), the United States Supreme Court reaffirmed its holding that criminal defendants have a constitutional right to conduct their own defense at trial, if they voluntarily and intelligently elect to do so; however, the Court then held that criminal defendants have no federal constitutional right to represent themselves on direct appeal from a conviction. 120 S.Ct. at 686-92. The Court added that appellate courts may, in the exercise of their discretion, allow a defendant to proceed pro se on appeal based on the best interests of the defendant and the government. *Id.* at 691-92. In other words, criminal defendants have no federal constitutional right to self-representation on direct appeal, but states are not precluded from recognizing such a right under their own constitutions. *Id.*

This court has adopted the standard established in *Martinez,* and we review requests to proceed pro se on a case-by-case basis considering the best interests of both the criminal appellant and the State. *See Hadnot v. State*, 14 S.W.3d 348, 349 (Tex. App.—Houston [14th Dist.] 2000) (order); *Massingill v. State,* 14 S.W.3d 380, 381 (Tex. App.—Houston [14th Dist.] 2000) (order).

Accordingly, we abated the appeal and requested the trial court to conduct a hearing to determine whether appellant wishes to discharge his appointed attorney and proceed with his appeal *pro se*; whether the waiver of assistance of counsel is made voluntarily, knowingly and intelligently; whether appellant's decision to proceed *pro se* is in the best interest of appellant and of the State; and whether appellant is fully aware of the dangers and disadvantages of self-representation.

A record of the trial court's hearing was filed in this court on December 27, 2011. At the hearing, the court inquired about appellant's educational background. He has a high school diploma, attended college, and has various technical certifications. He has also worked on several appeals while in prison. He stated that he understands habeas corpus, and the grounds for appeal cited in his *pro se* brief previously submitted to this court. He cited to *Jackson v. Virginia,* and stated that he is "versed well enough" to handle his own appeal. He asserted that it is in his best interest to proceed *pro se*. The court

2

advised him that he is entitled to an attorney and that his current appointed attorney is experienced. He felt that he is not disadvantaged on appeal; the only disadvantage he saw was appearing at oral argument, but he does not foresee a necessity for oral argument in this case. Appellant stated that it is his desire to represent himself on appeal. His counsel had no objection and stated that appellant's complete record had already been sent to him. Counsel for the State raised no objection.

After review of the hearing record, we conclude that appellant's waiver of appointed counsel is knowingly and intelligently made and he may proceed *pro se* on appeal. The record on appeal is complete, and appellant has filed a *pro se* brief.

Accordingly, we **ORDER** the appeal **REINSTATED.** Counsel for the State is ordered to file a State's brief in response to appellant's *pro se* brief. The State's brief shall be due on or before **February 10, 2012.**

PER CURIAM

Panel consists of Chief Justice Hedges and Justices Christopher and Jamison.