**Abatement Order filed April 20, 2012.**



**In The**

# 𝕱𝖔𝖚𝖗𝖙𝖊𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

————————

**NO. 14-11-00807-CR**

————————

**DAVID LORENZA JOYNER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 174th District Court
Harris County, Texas
Trial Court Cause No. 1278852**

---

## ABATEMENT ORDER

A jury convicted appellant David Lorenza Joyner of the offense of theft under $1,500 and sentenced him to confinement for fifteen (15) years in the Institutional Division of the Texas Department of Criminal Justice.   The clerk's record in this case was filed on January 11, the reporter's record was filed February 14, and appellant's brief was due on March 15, 2012.

Appellant has filed a motion in this court seeking to represent himself on appeal.   The Sixth Amendment right to self-representation at trial does not extend to the appeal stage,

nor does the Texas constitution provide such a right on appeal. *Martinez v. California,* 528 U.S. 152, 163, 120 S.Ct. 684, 145 L.Ed.2d 597 (2000); *Hadnot v. State,* 14 S.W.3d 348, 350 (Tex. App.-- Houston [14th Dist.] 2000, order) ("No Texas court has recognized a state constitutional right to self representation on direct appeal").

We review a request for self-representation in a criminal appeal on a case-by-case basis that considers the best interest of the appellant, the State, and the administration of justice. *Cormier v. State,* 85 S.W.3d 496, 498 (Tex. App.-- Houston [1st Dist.] 2002, order). An appellant cannot use his desire for self-representation as a means of manipulating or obstructing the orderly procedure of the court or interfering with the fair administration of justice. *Martinez v. State,* 163 S.W.3d 88, 90 (Tex. App. -- Amarillo 2004, order).

Although we respect appellant's genuine desire to proceed *pro se,* we nevertheless find that it would not be in his best interest. We also find that the State's interest in the fair and efficient administration of justice would not be served in this case by allowing appellant to represent himself. Appellant's request to proceed *pro se* is denied. *See Massingill v. State,* 14 S.W.3d 380, 382 (Tex. App.-- Houston [14th Dist.] 2000, order). All pending motions are denied.

The case is abated and remanded to the trial court with instructions to appoint appellate counsel and have a supplemental clerk's record containing that appointment filed with the clerk of this Court within thirty days of the date of this order.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the trial court's supplemental clerk's record is filed with this Court.

It is so ORDERED.

PER CURIAM

2

Panel consists of Justices Boyce, Christopher, and Jamison.