**Motion Denied and Order filed August 14, 2012**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-11-00847-CR
_____

**TONY KAREEN WHITFIELD, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 232nd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1277164**

## ORDER

Appellant was convicted by a jury of aggravated robbery, enhanced by a prior felony conviction, and punishment was assessed at thirty-five years in prison. Appellant's appointed counsel, Janet Celeste Blackburn, filed appellant's brief raising two issues: sufficiency of the evidence and ineffective assistance of counsel. On July 23, 2012, Blackburn filed a motion to withdraw as attorney of record. According to the motion, appellant would like to proceed *pro se* on appeal.

In *Faretta v. California*, the Supreme Court held that a criminal defendant not only has the right to counsel at trial in state court under the Sixth Amendment, but also

"has a constitutional right to proceed without counsel when he voluntarily and intelligently elects to do so." *Faretta*, 422 U.S. at 807, 95 S.Ct. at 2527. Applying the reasoning of *Faretta*, the Court found no right to self-representation on appeal of a criminal conviction, however. *See Martinez v. Court of Appeal of California*, 528 U.S. 152, 154, 120 S.Ct. 684, 687 (2000). Appellate courts may, in the exercise of their discretion, allow a defendant to proceed *pro se* on appeal based on the best interests of the defendant and the government. *Id.* at 161–63, 120 S.Ct. at 692.

After considering counsel's motion, the brief on file, and appellant's *pro se* motions that the court has previously denied, we conclude that appellant has not demonstrated that representing himself on appeal is in the best interests of appellant and the State. *See Hadnot v. State*, 14 S.W.3d 348, 350 (Tex. App.—Houston [14th Dist.] 2000, order). Accordingly, we **DENY** counsel's motion to withdraw.

PER CURIAM