

# Fourth Court of Appeals
## San Antonio, Texas

April 03, 2013

No. 04-12-00815-CR

Reynaldo **FLORES**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 290th Judicial District Court, Bexar County, Texas
Trial Court No. 2012CR1969
Honorable Melisa Skinner, Judge Presiding

# O R D E R

Sitting:  Sandee Bryan Marion, Justice
      Marialyn Barnard, Justice
      Rebeca C. Martinez, Justice

Appellant has filed a pro se Motion to Dismiss Appointed Counsel and asking that he be allowed to represent himself on appeal.  Appellant is represented on appeal by appointed counsel, Vincent D. Callahan.

Based on the holding in *Faretta v. California*, 422 U.S. 806, 95 S. Ct. 2525 (1975), it has been the practice of courts in this state to allow criminal appellants to waive counsel on appeal and proceed pro se.  To ensure that the waiver of counsel is knowingly and intelligently made as required by *Faretta*, we generally order a hearing and require the trial court to make findings and transmit them to this court.  *See id.*  In 2000, the United States Supreme Court reaffirmed its holding that criminal defendants have a constitutional right to conduct their own defense at trial if they voluntarily and intelligently elect to do so; however, the Court then held that criminal defendants have no federal constitutional right to represent themselves on direct appeal from a conviction.  *See Martinez v. California*, 120 S. Ct. 684, 686-92 (2000).  The Court added that appellate courts may, in the exercise of their discretion, allow a defendant to proceed pro se on appeal based on the best interests of the defendant and the government.  *Id.* at 120 S.Ct. at 691-92.  In other words, criminal defendants have no federal constitutional right to self-representation on direct appeal, but states are not precluded from recognizing such a right under their own constitutions.  *Id.*  Therefore, under *Martinez*, we will review requests to proceed pro se on a case-by-case basis considering the best interests of both the criminal appellant and the state.  *See Hadnot v. State*, 14 S.W.3d 348, 350 (Tex. App.—Houston [14th Dist.] 2000, no pet.) (same).

In this case, the clerk's record has been filed and the reporter's record is due April 4, 2013.  Therefore, abating the cause to the trial court at this time will not be disruptive.  Accordingly, we ABATE this cause to the

trial court to conduct a hearing, <u>no later than May 2, 2013</u>, at which appellant, Mr. Callahan, and State's counsel shall be present to determine: (1) whether appellant desires to prosecute his appeal; (2) whether appellant wishes to discharge his appointed attorney and proceed with his appeal pro se; (3) whether the waiver of assistance of counsel is made voluntarily, knowingly and intelligently; (4) whether appellant's decision to proceed pro se is in the best interest of appellant and of the State; and (5) whether appellant is fully aware of the dangers and disadvantages of self-representation.

We further ORDER the trial court to have a court reporter to prepare a reporter's record of the hearing. The reporter's record, and a supplemental clerk's record containing the trial court's findings, shall be filed with the Clerk of this court <u>on or before May 17, 2013</u>.

Appellant has also filed a pro se Motion to Quash Enhancement. That motion is DENIED.

Sandee Bryan Marion, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 3rd day of April, 2013.

Keith E. Hottle
Clerk of Court