

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-18-00372-CR

BAOQUOC TRAN NGUYEN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the County Criminal Court No. 6
Tarrant County, Texas
Trial Court No. 1546160, Honorable John Weeks, Presiding

November 16, 2018

## ORDER OF ABATEMENT AND REMAND

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant, Baoquoc Tran Nguyen, was convicted of harassment,[1] sentenced to 180 days' confinement in Tarrant County jail, and assessed a $2,000 fine. Before trial, appellant's retained counsel was allowed to withdraw and appellant was permitted to represent himself at trial. Following his conviction, appellant timely filed a notice of appeal, *pro se.* He did not request appointment of appellate counsel and counsel has not been appointed.

---

[1] TEX. PENAL CODE ANN. § 42.07 (West Supp. 2018) (a class B misdemeanor).

The clerk's record and reporter's record were due on October 22, 2018. The clerk's record has been filed. However, on October 22, the reporter notified the Court that appellant had not made payment arrangements for the reporter's record. *See* TEX. R. APP. P. 35.3(b)(3). By letter of October 23, we directed appellant to make acceptable payment arrangements for the reporter's record by November 6. Failure to do so, we advised, could result in the appeal being abated and the cause remanded to the trial court for further proceedings. *See* TEX. R. APP. P. 37.3(a)(2).

On November 2, appellant filed a "Response to the court reporter's demands for payment" with the trial court clerk. In his response, appellant asserts that the fees for preparing the reporter's record should be paid by the county, stating: "The cost of creating, reproducing and transferring records is a legitimate use of Tax Dollars. In all cases salaries must be reduced to avail these services to The Public at the cost of existing tax revenue." He also asserts that the fees should be paid by the State: "The state chose to prosecute the matter, it is wholly the State's responsibility to provide the services to defend the matter, including all appeals, or in the alternative the state must allow for a collateral civil or criminal action to be prosecuted, in order [to] reverse the judgment." Appellant has made no further attempts to make payment arrangements for the reporter's record to date.

Applicable Law

An accused is entitled to the assistance of counsel at trial and through the conclusion of his direct appeal. *Buntion v. Harmon*, 827 S.W.2d 945, 948-49 (Tex. Crim. App. 1992). Criminal defendants have a Sixth Amendment right to conduct their own defense at trial if they knowingly and intelligently relinquish their right to counsel. *Faretta v. Cal.*, 422 U.S. 806, 835, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1975). However, the Sixth

Amendment right to self-representation does not extend to the direct appeal from a criminal conviction. *Martinez v. Court of Appeal of Cal.,* 528 U.S. 152, 163, 120 S. Ct. 684, 145 L. Ed.2d 597 (2000) (finding no federal constitutional right of self-representation on direct appeal from a criminal conviction because the government's interest in the fair administration of justice outweighs any invasion of appellant's self-representation interest); *Scheanette v. State,* 144 S.W.3d 503, 505 n.2 (Tex. Crim. App. 2004) (defendant had no constitutional right to represent himself on direct appeal, citing *Martinez*); *Hadnot v. State,* 14 S.W.3d 348, 350 (Tex. App.—Houston [14th Dist.] 2000, order) (per curiam) ("No Texas court has recognized a state constitutional right to self-representation on direct appeal.").

Rather, appellate courts have discretion to permit an appellant to represent himself on appeal if he can do so without interfering with the administration of the appellate process. *Bibbs v. State,* No. 07-10-0300-CR, 2011 Tex. App. LEXIS 9490, at *4 (Tex. App.—Amarillo Dec. 2, 2011, order) (per curiam). Our exercise of that discretion depends on a case-by-case analysis of the best interest of the appellant, the State, and the administration of justice. *Id.* In that regard, we are guided by the principle that an appellant cannot use his desire for self-representation as a means of manipulating or obstructing the orderly procedure of the court or interfering with the fair administration of justice. *Hubbard v. State,* 739 S.W.2d 341, 344 (Tex. Crim. App. 1987).

Analysis

Appellant's response to the Court's October 23 letter raises concerns whether allowing appellant to represent himself on appeal is in his best interest, the State's best interest, and in furtherance of the proper administration of justice. We, therefore, abate

3

this appeal and remand the cause to the trial court for further proceedings.  Upon remand, the trial court shall conduct a hearing to determine the following:

1. whether appellant still desires to prosecute the appeal;

2. whether appellant is indigent and entitled to the appointment of appellate counsel;

3. whether appellant still desires to represent himself on appeal;

4. if appellant desires to represent himself, whether his decision to do so is competently and intelligently made, including whether he is aware of the dangers and disadvantages of self-representation on appeal, *see Hubbard*, 739 S.W.2d at 345;

5. if appellant desires to represent himself, whether allowing him to do so is in his best interest, in the best interest of the State, and in furtherance of the proper administration of justice; and

6. whether appellant is entitled to have the reporter's record furnished without charge pursuant to Rule 20.2 of the Texas Rules of Appellate Procedure.

The trial court shall issue findings of fact and conclusions of law addressing the foregoing subjects.  Additionally, the trial court shall cause to be developed (1) a supplemental clerk's record containing the findings and conclusions and (2) a reporter's record transcribing any evidence and argument presented at the hearing.  The records shall be filed with the Clerk of this Court on or before December 17, 2018.

It is so ordered.

Per Curiam

Do not publish.

4