

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-19-00182-CR

TRISTIN MIGUEL SMITH, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 71st District Court
Harrison County, Texas
Trial Court No. 18-0007X

Before Morriss, C.J., Burgess and Stevens, JJ.

O R D E R

Tristin Miguel Smith has appealed from his conviction of burglary of a habitation and the resulting nineteen-year sentence. The trial court deemed Smith indigent and appointed counsel to represent him at trial. There is nothing in the record indicating that counsel was appointed to represent Smith on appeal. However, attorney Ebb Mobley sent this Court a letter dated December 4, 2019, stating that he does not represent Smith and stating that Smith desires to represent himself on appeal. Smith has filed several pro se motions in this Court.

In Texas, every person convicted of a crime has a statutory right to appeal. *See* TEX. CODE CRIM. PROC. ANN. art. 44.02; *Nguyen v. State*, 11 S.W.3d 376, 378 (Tex. App.—Houston [14th Dist.] 2000, no pet.). The Sixth and Fourteenth Amendments to the United States Constitution mandate that every criminal appellant, whether rich or poor, is guaranteed the right to counsel on a first appeal. U.S. CONST. amends. VI, XIV; *see Douglas v. People of State of California*, 372 U.S. 353 (1963). When a defendant is indigent, an attorney must be appointed by the State to represent him on appeal. *See McCoy v. Court of Appeals of Wisconsin Dist. 1*, 486 U.S. 429, 435 (1988).

It appears that Smith desires to forego his right to counsel and to represent himself in this appeal. In the words of the United State Supreme Court,

> The Sixth Amendment does not include any right to appeal. As we have recognized, "[t]he right of appeal, as we presently know it in criminal cases, is purely a creature of statute." *Abney*[*v. United States*], 431 U.S. [651,] 656, 97 S. Ct. 2034 [1977]. It necessarily follows that the Amendment itself does not provide any basis for finding a right to self-representation on appeal.

2

*Martinez v. Court of Appeal of California, Fourth Appellate Dist.*, 528 U.S. 152, 160 (2000); *see*

*Hadnot v. State*, 14 S.W.3d 348, 350 (Tex. App.—Houston [14th Dist.] 2000, order) (per curiam)

("No Texas court has recognized a state constitutional right to self-representation on direct

appeal."); *Stafford v. State*, 63 S.W.3d 502, 506 (Tex. App.—Texarkana 2001, pet. ref'd)

(per curiam) (permitting appellant to proceed pro se in direct appeal, noting that appellant had no

"constitutional right to self-representation," and stating that no "broader right exists under the

Texas Constitution that would compel this result").

We review a request for self-representation in a direct criminal appeal on a case-by-case

basis by considering "the best interest of the appellant, the State, and the administration of justice."

*Ex parte Ainsworth*, Nos. 07-15-00091-CR, 07-15-00106-CR, 06-07-00107-CR, 2015 WL

4389019, at *1 (Tex. App.—Amarillo July 15, 2015, order) (per curiam) (not designated for

publication); *see Bibbs v. State*, No. 07-10-00300-CR, 2011 WL 5026903, at *1 (Tex. App.—

Amarillo Oct. 21, 2011, order) (per curiam) (not designated for publication);[1] *Cormier v. State*, 85

S.W.3d 496, 498 (Tex. App.—Houston [1st Dist.] 2002, order) (per curiam).

We must abate this matter to the trial court for a determination of whether, among other

things, Smith's decision to self-represent on appeal is a competent, voluntary, and intelligent

decision. *See Hubbard v. State*, 739 S.W.2d 341, 345 (Tex. Crim. App. 1987). We, therefore,

abate this appeal to the trial court so that it may conduct any hearings (whether in person, by video

link, or by teleconference) necessary to address the following issues:

---

[1] Although these unpublished cases have no precedential value, we may take guidance from them "as an aid in developing reasoning that may be employed." *Carrillo v. State*, 98 S.W.3d 789, 794 (Tex. App.—Amarillo 2003, pet. ref'd).

3

1.   Whether Smith wishes to represent himself on appeal.

2.   If Smith desires to represent himself on appeal:

     a.   the trial court must admonish Smith of the pitfalls of engaging in the appellate process without the assistance of counsel;[2] and

     b.   the trial court should determine and enter findings on whether, after being admonished, Smith still desires to represent himself on appeal.

3.   If Smith still desires to represent himself on appeal after having been admonished,

     a.   the trial court should determine and enter findings on whether Smith's decision to represent himself on appeal is a knowing, intelligent, and voluntary decision, *see Faretta v. California*, 422 U.S. 806, 835 (1975); *Hubbard*, 739 S.W.2d at 345; and

     b.   the trial court should determine and enter findings on whether allowing Smith to represent himself on appeal is in his best interest, in the State's best interest, and in furtherance of the proper administration of justice, *see Ainsworth*, 2015 WL 4389019, at *1.

4.   The trial court should enter any additional findings it might deem useful to this Court in determining the issue of whether Smith should be permitted to represent himself in this appeal.

If the trial court determines that Smith no longer wishes to represent himself on appeal, then the trial court shall appoint counsel to represent Smith in this appeal. If the trial court determines that allowing Smith to represent himself on appeal is not in his best interest, is not in the State's best interest, and/or is not in furtherance of the proper administration of justice, the trial

---

[2]*See Iowa v. Tovar*, 541 U.S. 77, 89 (2004) (discussing the general admonishments a defendant must receive before being allowed to proceed pro se at trial); *see also Johnson v. State*, 760 S.W.2d 277, 279 (Tex. Crim. App. 1988) (noting that, when considering self-representation on appeal, the record must also show that the appellant fully understands the practical disadvantages of self-representation, including the fact that he will not be granted any special considerations regarding or relief from the technicalities of the Texas Rules of Appellate Procedure solely because he elects to appear pro se).

court shall appoint counsel to represent Smith in this appeal. The court shall issue findings and recommendations expressing its determinations on the aforementioned issues.

If the trial court recommends that we permit Smith to represent himself on appeal, then this Court will review that recommendation and issue further orders on reinstatement of the appeal.

The hearing in the trial court shall take place within twenty days of the date of this order. The reporter's record of the hearing shall be filed in the form of a supplemental reporter's record within twenty days of the date of the hearing. *See generally* TEX. R. APP. P. 38.8(b)(3). Any written findings shall be entered on the record and filed in the form of a supplemental clerk's record within twenty days of the date of the hearing. *See id.*

All appellate timetables are stayed and will resume on our receipt of the supplemental appellate record.

IT IS SO ORDERED.

BY THE COURT

Date: January 2, 2020