

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-19-00430-CR

DONALD RAY MCCRAY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 251st District Court
Potter County, Texas
Trial Court No. 70,652-C, Honorable Abe Lopez, Presiding

February 27, 2020

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Appellant, Donald Ray McCray, was convicted of retaliation against a public servant. Before trial, appellant's appointed counsel was allowed to withdraw as attorney of record but continued as "standby" counsel, and appellant was permitted to represent himself at trial. Following his conviction, appellant filed a notice of appeal, pro se. He did not request appointment of appellate counsel and counsel has not been appointed.

Appellant filed a brief on January 6, 2020, prior to the filing of the appellate record. Appellant did not present any cognizant issues for review or cite to any legal authority in

his brief.  Instead, he argued, among other things, that his conviction was "an act of treason to overthrow the government" and that he is being prosecuted by a "criminal syndicate, mafia organization."  Appellant has also filed a "First Complaint Notice" and "Second Complaint Notice," both of which are unintelligible.

*Applicable Law*

An accused is entitled to the assistance of counsel at trial and through the conclusion of his direct appeal.  *Buntion v. Harmon*, 827 S.W.2d 945, 948–49 (Tex. Crim. App. 1992).  Criminal defendants have a Sixth Amendment right to conduct their own defense at trial if they knowingly and intelligently relinquish their right to counsel.  *Faretta v. Cal.*, 422 U.S. 806, 835, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1975).  However, the Sixth Amendment right to self-representation does not extend to the direct appeal from a criminal conviction.  *Martinez v. Court of Appeal of Cal.,* 528 U.S. 152, 162–63, 120 S. Ct. 684, 145 L. Ed.2d 597 (2000) (finding no federal constitutional right of self-representation on direct appeal from a criminal conviction because the government's interest in the fair administration of justice outweighs any invasion of appellant's self-representation interest); *Scheanette v. State*, 144 S.W.3d 503, 505 n.2 (Tex. Crim. App. 2004) (defendant has no constitutional right to represent himself on direct appeal, citing *Martinez*); *Hadnot v. State,* 14 S.W.3d 348, 350 (Tex. App.—Houston [14th Dist.] 2000, order) (per curiam) ("No Texas court has recognized a state constitutional right to self-representation on direct appeal.").

Rather, appellate courts have discretion to permit an appellant to represent himself on appeal if he can do so without interfering with the administration of the appellate process.  *Bibbs v. State*, No. 07-10-0300-CR, 2011 Tex. App. LEXIS 9490, at *4 (Tex.

2

App.—Amarillo Dec. 2, 2011, order) (per curiam). Our exercise of that discretion depends on a case-by-case analysis of the best interest of the appellant, the State, and the administration of justice. *Id.* In that regard, we are guided by the principle that an appellant cannot use his desire for self-representation as a means of manipulating or obstructing the orderly procedure of the court or interfering with the fair administration of justice. *Hubbard v. State*, 739 S.W.2d 341, 344 (Tex. Crim. App. 1987).

*Analysis*

Appellant's brief and other filings raise concerns as to whether allowing appellant to represent himself on appeal is in his best interest, the State's best interest, and in furtherance of the proper administration of justice. We, therefore, abate this appeal and remand the cause to the trial court for further proceedings. Upon remand, the trial court shall conduct a hearing to determine the following:

1. whether appellant still desires to prosecute the appeal;

2. whether appellant is indigent and entitled to the appointment of appellate counsel;

3. whether appellant still desires to represent himself on appeal;

4. if appellant desires to represent himself, whether his decision to do so is competently and intelligently made, including whether he is aware of the dangers and disadvantages of self-representation on appeal, *see Hubbard*, 739 S.W.2d at 345; and

5. if appellant desires to represent himself, whether allowing him to do so is in his best interest, in the best interest of the State, and in furtherance of the proper administration of justice.

The trial court is also directed to enter such orders necessary to address the aforementioned questions. So too shall it include its findings on those matters in a supplemental record and cause that record to be filed with this court by March 25, 2020.

3

If it is determined that appellant is entitled to appointed counsel and that allowing appellant to represent himself on appeal is not in his best interest, in the best interest of the State, and in furtherance of the proper administration of justice, the trial court shall appoint appellate counsel. The name, address, email address, telephone number, and State Bar number of any newly appointed counsel shall be included in the aforementioned findings.

Additionally, the clerk's record does not contain the trial court's certification of appellant's right of appeal. On remand, the trial court shall prepare a certification of appellant's right of appeal and include the certification in the supplemental record filed with this court. TEX. R. APP. P. 25.2(a)(2), 34.5(c)(2).

Should further time be needed to perform these tasks, then same must be requested before March 25, 2020.

It is so ordered.

Per Curiam

Do not publish.