

# Fourth Court of Appeals
## San Antonio, Texas

August 18, 2020

No. 04-20-00015-CR

Bronwen Victoria **MCHENRY**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 25th Judicial District Court, Guadalupe County, Texas
Trial Court No. 18-0847-CR-A
Honorable Jessica Crawford, Judge Presiding

# O R D E R

Appellant's brief was originally due to be filed on May 6, 2020. Neither the brief nor a motion for extension of time to file the brief has been filed.[1] This court notified appellant's counsel of the deficiency on July 31, 2020. *See* TEX. R. APP. P. 38.8(b)(2).[2] We have received no response.

Pursuant to Rule 38.8(b)(2) of the Texas Rules of Appellate Procedure, we abate this case to the trial court and ORDER the trial court to conduct a hearing to answer the following questions:

(1) Does appellant desire to prosecute his appeal?

---

[1] Due to a ransomware attack on May 8, 2020, this court's network was disabled. As of July 22, 2020, the court's network is fully operational. All case filings are up to date, and any future filings accepted by this court should be reflected on our website within twenty-four hours.

[2] On November 7, 2019, the trial court appointed Cathy Compton as appellant's counsel. The clerk's record does not include an order for Ms. Compton to withdraw. Nevertheless, the coversheet to the clerk's record indicates that Appellant purports to be proceeding pro se.

(2) Is appellant indigent? If appellant is indigent, the trial court shall take such measures as may be necessary to assure the effective assistance of counsel, which may include the appointment of new counsel.[3]

(3) Has appointed or retained counsel abandoned the appeal? Because sanctions may be necessary, the trial court should address this issue even if new counsel is retained or substituted before the date of the hearing.

The trial court is further ORDERED to file supplemental clerk's and reporter's records in this court, no later than September 21, 2020, which shall include: (1) a transcription of the hearing and copies of any documentary evidence admitted, (2) written findings of fact and conclusions of law, and (3) recommendations addressing the above enumerated questions. All appellate filing dates are ABATED pending further orders from this court.

_____
Rebeca C. Martinez, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 18th day of August, 2020.



_____
Michael A. Cruz,
Clerk of Court

---

[3] Before a criminal appellant may proceed pro se, his waiver of appointed counsel must be "knowingly and intelligently" made. *See Faretta v. California*, 422 U.S. 806, 835 (1975) (citation omitted); *see also* TEX. CODE CRIM. PRO. ANN. art. 1.051(f) ("A defendant may voluntarily and intelligently waive in writing the right to counsel."). If appellant wishes to proceed pro se, the trial court must determine: (1) whether appellant wishes to waive his right to appointed counsel and proceed with his appeal pro se; (2) whether the waiver of assistance of counsel is made voluntarily, knowingly, and intelligently; (3) whether appellant's decision to proceed pro se is in the best interest of appellant and of the State; and (4) whether appellant is fully aware of the dangers and disadvantages of self-representation. We review requests to proceed pro se on a case-by-case basis, considering the best interest of both the criminal appellant and the State. *See Hubbard v. State*, 739 S.W.2d 341, 345 (Tex. Crim. App. 1987) (requiring a hearing for the trial court to make an appellant aware of the "dangers and disadvantages of self-representation and . . . [to] develop evidence as to whether appellant's apparent decision to relinquish benefits associated with counsel and to proceed pro se is knowingly and intelligently made"); *see also Flores v. State*, No. 04-12-00815-CR, 2014 WL 2917157, at *2 (Tex. App.—San Antonio June 25, 2014, no pet.) (mem. op., not designated for publication); *Hadnot v. State*, 14 S.W.3d 348, 350 (Tex. App.—Houston [14th Dist.] 2000, no pet.) (per curiam).