

# Fourth Court of Appeals
## San Antonio, Texas

August 24, 2021

No. 04-21-00203-CR

**EX PARTE** Armando **RAMOS**

From the 226th Judicial District Court, Bexar County, Texas
Trial Court No. 2018CR6442-W1
The Honorable Velia J. Meza, Judge Presiding

# O R D E R

Sitting:      Rebeca C. Martinez, Chief Justice
                Patricia O. Alvarez, Justice
                Lori I. Valenzuela, Justice

On August 9, 2021, appellant filed a pro se motion seeking dismissal of his appointed counsel and allowing him to represent himself on appeal. On August 12, 2021, this court ordered appellant's appointed appellate counsel to file a response to appellant's pro se motion no later than August 23, 2021. In response, on August 20, 2021, appointed appellate counsel filed a motion for leave to withdraw as appointed counsel for appellant. Appointed counsel's motion requests leave to withdraw and an abatement of appellate deadlines pending resolution of the motion.

Based on the holding in *Faretta v. California*, 422 U.S. 806, 95 S. Ct. 2525 (1975), it has been the practice of courts in this state to allow criminal appellants to waive counsel on appeal and proceed pro se. To ensure that the waiver of counsel is knowingly and intelligently made as required by *Faretta*, we generally order a hearing and require the trial court to make findings and transmit them to this court. *See id.* The United States Supreme Court reaffirmed its holding that criminal defendants have a constitutional right to conduct their own defense at trial if they voluntarily and intelligently elect to do so; however, the Court then held that criminal defendants have no federal constitutional right to represent themselves on direct appeal from a conviction. *See Martinez v. California*, 120 S. Ct. 684, 686-92 (2000). The Court added that appellate courts may, in the exercise of their discretion, allow a defendant to proceed pro se on appeal based on the best interests of the defendant and the government. *Id.* at 120 S.Ct. at 691-92. Therefore, under *Martinez*, we will review requests to proceed pro se on a case-by-case basis considering the best interests of both the criminal appellant and the state. *See Hadnot v. State*, 14 S.W.3d 348, 350 (Tex. App.—Houston [14th Dist.] 2000, no pet.) (same). We have discretion to permit an appellant to represent himself on appeal if he can do so without interfering with the administration of the appellate process. *McCray v. State*, 07-19-00430-CR, 2020 WL 994685, at *1 (Tex. App.—Amarillo Feb. 27, 2020, no pet.).

We ABATE this cause to the trial court to conduct a hearing at which appellant, appellant's attorney, and State's counsel shall be present to determine: (1) whether appellant desires to prosecute his appeal; (2) whether appellant wishes to discharge his appointed attorney and proceed with his appeal pro se; (3) whether the waiver of assistance of counsel is made voluntarily, knowingly and intelligently; (4) whether appellant's decision to proceed pro se is in the best interest of appellant and of the State, and in the furtherance of the proper administration of justice; and (5) whether appellant is fully aware of the dangers and disadvantages of self-representation.

We further ORDER the trial court to have a court reporter prepare a reporter's record of the hearing. The reporter's record, and a supplemental clerk's record containing the trial court's findings, shall be filed with the Clerk of this Court **no later than September 23, 2021**. Appointed counsel's motion for leave is HELD IN ABEYANCE, and all appellate deadlines are ABATED pending further orders from this court.

It is so **ORDERED** on August 24, 2021.

**PER CURIAM**

ATTESTED TO: _____

Michael A. Cruz,
Clerk of Court