

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-22-00365-CR

---

**LOUIS FRED GONZALES, APPELLANT**

**V.**

**THE STATE OF TEXAS, APPELLEE**

---

On Appeal from the 154th District Court
Lamb County, Texas
Trial Court No. DCR-6279-22, Honorable Edward Lee Self, Presiding

---

May 24, 2023

## ORDER OF ABATEMENT AND REMAND

Before QUINN, C.J., and PARKER and DOSS, JJ.

Appellant, Louis Fred Gonzales, was convicted of burglary of a building[1] and sentenced to ten years confinement. Appellant was permitted to represent himself at trial and, following his conviction, filed a notice of appeal, pro se. He has not requested appointment of appellate counsel and counsel has not been appointed. We remand the cause to the trial court for further proceedings.

---

[1] *See* TEX. PENAL CODE ANN. § 30.02(c)(1).

The clerk's record has been filed on appeal. However, the reporter's record, due April 6, 2023, was not filed because Appellant did not request preparation nor make payment arrangements for it. By letter of April 19, 2023, we notified Appellant that the reporter's record was overdue and directed him to request preparation and make any necessary payment arrangements for the reporter's record by May 1. To date the reporter's record has not been filed, and Appellant has had no further communication with the Court.

An accused is entitled to the assistance of counsel at trial and through the conclusion of his direct appeal. *Buntion v. Harmon*, 827 S.W.2d 945, 948–49 (Tex. Crim. App. 1992). Criminal defendants have a Sixth Amendment right to conduct their own defense at trial if they knowingly and intelligently relinquish their right to counsel. *Faretta v. Cal.*, 422 U.S. 806, 835, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1975). However, the Sixth Amendment right to self-representation does not extend to the direct appeal from a criminal conviction. *Martinez v. Court of Appeal of Cal.,* 528 U.S. 152, 162–63, 120 S. Ct. 684, 145 L. Ed.2d 597 (2000) (finding no federal constitutional right of self-representation on direct appeal from a criminal conviction because the government's interest in the fair administration of justice outweighs any invasion of appellant's self-representation interest); *Scheanette v. State*, 144 S.W.3d 503, 505 n.2 (Tex. Crim. App. 2004) (defendant has no constitutional right to represent himself on direct appeal, citing *Martinez*); *Hadnot v. State*, 14 S.W.3d 348, 350 (Tex. App.—Houston [14th Dist.] 2000, order) (per curiam) ("No Texas court has recognized a state constitutional right to self-representation on direct appeal.").

Rather, appellate courts have discretion to permit an appellant to represent himself on appeal if he can do so without interfering with the administration of the appellate process. *Bibbs v. State*, No. 07-10-0300-CR, 2011 Tex. App. LEXIS 9490, at *4 (Tex. App.—Amarillo Dec. 2, 2011, order) (per curiam). Our exercise of that discretion depends on a case-by-case analysis of the best interest of the appellant, the State, and the administration of justice. *Id*. In that regard, we are guided by the principle that an appellant cannot use his desire for self-representation as a means of manipulating or obstructing the orderly procedure of the court or interfering with the fair administration of justice. *Hubbard v. State*, 739 S.W.2d 341, 344 (Tex. Crim. App. 1987).

Appellant's failure or inability to procure the reporter's record raises concerns as to whether allowing Appellant to represent himself on appeal is in his best interest, the State's best interest, and in furtherance of the proper administration of justice. We, therefore, abate this appeal and remand the cause to the trial court for further proceedings. Upon remand, the trial court shall conduct a hearing to determine the following:

(1)    whether Appellant still desires to prosecute the appeal;

(2)    whether Appellant is indigent and entitled to the appointment of appellate counsel;

(3)    whether Appellant still desires to represent himself on appeal;

(4)    if Appellant desires to represent himself, whether his decision to do so is competently and intelligently made, including whether he is aware of the dangers and disadvantages of self-representation on appeal, *see Hubbard*, 739 S.W.2d at 345;

(5)      if Appellant desires to represent himself, whether allowing him to do so is in his best interest, in the best interest of the State, and in furtherance of the proper administration of justice; and

(6)      whether Appellant is entitled to have the reporter's record furnished without charge or the date Appellant will make acceptable payment arrangements for the reporter's record.  *See* TEX. R. APP. P. 20.2

The trial court is also directed to enter such orders necessary to address the aforementioned questions.  If it is determined that Appellant is entitled to appointed counsel and that allowing Appellant to represent himself on appeal is not in his best interest, in the best interest of the State, and in furtherance of the proper administration of justice, the trial court shall appoint appellate counsel. The name, address, email address, telephone number, and State Bar number of any newly appointed counsel shall be included in the aforementioned findings.

The trial court shall cause to be developed (1) a clerk's record containing the findings and conclusions and (2) a reporter's record transcribing any evidence and argument presented at the hearing.  The record shall be filed with the Clerk of this Court on or before June 23, 2023.

It is so ordered.

Per Curiam

Do not publish.